Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellant,

v.

Paul R. ZIMMERMAN, Appellee.

No. 21465.

United States Court of Appeals Fifth Circuit.

Dec. 17, 1964.

Sherman L. Cohn, Samuel J. Heyman, Robert J. Vollen, Attys., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Barefoot Sanders, U. S. Atty., for appellant.

William A. Clifford, Blanchard, Clifford, Gilkerson & Smith, Lubbock, Tex., for appellee.

Before TUTTLE, Chief Judge, and BROWN and GEWIN, Circuit Judges.

PER CURIAM.

This appeal by the Secretary of Health, Education and Welfare complains, principally, of the grant by the trial court of the motion for summary judgment in favor of Zimmerman, an applicant for disability insurance benefits under the Social Security Act, thus reversing the Secretary's decision denying disability insurance benefits, on the ground that the trial court erred in ascertaining that "there was not substantial evidence in the record to support the Secretary's decision." He also complains on the ground that the judgment of the trial court demonstrates a lack of appreciation by the trial court of the standard required for a determination that an applicant is incapable of obtaining substantial gainful employment. A third ground of attack is made by the Secretary by reason of the fact that the trial court, in not giving reasons or a specific discussion of the basis for its overruling of the Secretary's determination, makes difficult the Secretary's appeal to this Court, without having to discuss many factors that may not have given rise to the trial court's decision.

It is difficult to understand how the trial court could determine, as it did here, "there is not substantial evidence in the record to support the Secretary's decision denying the plaintiff benefits under the Social Security Act." It is perfectly apparent from the most casual reading of the record that there is substantial evidence supporting the Secretary's decision. This evidence is far from de minimis. It is evidence of a competent, experienced specialist in the field of the medical science within which the applicant's asserted disability falls. Moreover, it is plain that the Secretary, acting through his examiner, cast serious doubt upon the credibility of contrary testimony. Such credibility findings are, of course, for the Secretary and not for the trial court. Not only does the statute make it plain, but this Court has repeatedly stated, that where there is substantial evidence to support the Secretary's determination, the trial court has no pow-

er to overrule that determination. Having found, as we do, that there was such substantial evidence in this case, it follows that the judgment of the trial court must be reversed.

It may be, as is contended by the Secretary, that the trial court applied an incorrect standard in ascertaining the existence of a disability. The trial court stated, "Plaintiff was and is suffering from a medically determinable physical or mental impairment which can be expected to result in death or be of long continued and indefinite duration, and is *therefore* incapable of obtaining substantial gainful employment commensurate with his age, educational attainments, training and experience." (Emphasis added). If, by this language, the trial court meant that whenever there is a "medically determinable physical or mental impairment" of the nature described, it follows *therefore* that he is "incapable of obtaining substantial gainful employment, etc." this would, of course, be the wrong standard. This is true because many persons suffer from a medically determinable physical impairment which does not make them incapable of obtaining substantial gainful employment. If, on the other hand, the trial court was merely determining that this particular applicant had become incapable of obtaining substantial gainful employment by reason of *his particular* physical or mental impairment, the language, of course, would not be inappropriate.

■ With respect to the last point made by the Secretary, we note that, in the rare case in which it is appropriate for the trial court to reverse the Secretary's findings because there is no substantial evidence to support them it would make it much easier for this Court, on appeal, to have the benefit of the trial court's analysis of the evidence, and the reasoning by which it arrives at its determination that it is unable to find support in the record for the Secretary's findings.

The judgment is reversed.