Dorothy MONCRIEF, Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.

No. 22265.

United States Court of Appeals
Fifth Circuit.

Feb. 11, 1966.

George S. Brown, Birmingham, Ala., for appellant.

Morton Hollander, Martin Jacobs, Attys., Dept. of Justice, Washington, D. C., Macon L. Weaver, U. S. Atty., Birmingham, Ala., Sherman L. Cohn, Kathryn H. Baldwin, Max Wild, Attys., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., for appellee.

Before MARIS,* RIVES and BELL, Circuit Judges.

RIVES, Circuit Judge.

The district court in a memorandum opinion affirmed the decision of the Secretary that appellant was not disabled within the meaning of sections 216(i) and 223 of the Social Security Act [42 U.S.C.A. 416(i) and 423]. After a careful review of all of the evidence and exhibits, we are satisfied that the Secretary failed to apply correct legal standards in evaluating the evidence, and also failed adequately to develop the vocational evidence.

Appellant claimed that her disability was due to "terrible back pain." [1] The medical evidence demonstrated that she suffered pain from an osteoarthritic con-

---

* Of the Third Circuit, sitting by designation.

1. "I am just not able to do any kind of work at all. I cannot stand up for more than 30 minutes at a time and cannot sit up for more than 20 minutes at a time without terrible back pain."

dition of the back, variously described in the medical reports as "fairly extensive," "moderately advanced," and "quite severe." She was born in 1915 and finished the fourth grade in school. Her work experience had been primarily limited to packing automobile parts at a plant in Chicago. She stopped work in October 1961. She and her husband were unable to continue living in Chicago on his salary alone, so they returned to their home in Alabama where they could live more cheaply.

We quote from the Hearing Examiner's decision:

"Speaking for the Court in the case of Theberge vs. United States, 2 Cir., 87 F.2d 697, Judge Learned Hand stated:

'A man may have to endure discomfort or pain and not be totally disabled; much of the best work of life goes on under such disabilities * * * the only work available to the insured must do more than hurt, it must substantially aggravate his malady.'

"The demonstrable impairment of osteoarthritis of the thoracic and lumbar spine does not appear to reach the level of severity as contemplated by the Social Security Act in which all substantial gainful activity is precluded. Only one of the examining physicians has indicated that the claimant is unable to work. This is Dr. Meyer and Dr. Meyer does not give any objective findings or the results of any laboratory tests to sustain his diagnosis of arthritis."

The Examiner apparently confused the reports of Dr. Meyer and Dr. Clayton. It was Dr. Clayton who reported that claimant "cannot perform any consistent gainful work." On her application for review of the Examiner's decision, the claimant submitted a medical report of Dr. E. H. Edwards, President of the Board of Governors of the Leeds, Alabama, Hospital, as follows:

"This is to certify that on this date, we have examined the above named patient with both physical examination and x-rays of the spine.

"Mrs. Moncrief has marked deformity of the lumbar spine due to arthritis which is quite severe. She also suffers at this time with pain which is probably due to ruptured intervertbrae (sic) disc.

"Due to these findings, this woman is permanently and totally disabled from self-support."

■ Each of the other five doctors who examined the claimant found the osteoarthritis of the spine but did not express an opinion as to whether it was disabling. The question of disability is not to be resolved by the doctors but by the Secretary.[2] Indeed, the Examiner recognized that when he called attention to section 404.1526 of Social Security Regulations No. 4. Nonetheless, he apparently gave considerable weight to his finding that, "Only one of the examining physicians has indicated that the claimant is unable to work."

■ Of more significance is the Examiner's reliance upon Judge Learned Hand's language in Theberge v. United States, supra. The Examiner apparently adopted a standard that pain cannot be totally disabling. This Court has repeatedly and emphatically rejected Judge Hand's language as a proper standard.[3]

The Examiner found that the claimant can do the same type of work that she had done at her last job in Chicago so long as it is of a lighter nature, involving no lifting and allowing her to alternate between standing and sitting. There was no evidence that work of that kind on such a basis is available in rea-

2. Celebrezze v. Zimmerman, 5 Cir. 1964, 339 F.2d 496; Underwood v. Ribicoff, 4 Cir. 1962, 298 F.2d 850, 851.

3. Butler v. Flemming, 5 Cir. 1961, 288 F. 2d 591, 595; Hayes v. Celebrezze, 5 Cir. 1963, 311 F.2d 648, 652; Page v. Celebrezze, 5 Cir. 1963, 311 F.2d 757, 762; Dodsworth v. Celebrezze, 5 Cir. 1965, 349 F.2d 312, 315; Accord, Aaron v. Fleming, M.D.Ala.1958, 168 F.Supp. 291, 295.

sonable proximity to the claimant's home in Leeds, Alabama. Indeed, there was no vocational evidence.

The judgment of the district court is therefore reversed and the cause remanded with directions to remand to the Secretary for consideration under the correct standards, for further development of vocational evidence, and for appropriate findings. See Ferran v. Flemming, 5 Cir. 1961, 293 F.2d 568, 571.

Reversed and remanded with directions.