**Kenneth J. ROME, Plaintiff-Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 26697.**

United States Court of Appeals
Fifth Circuit.

April 15, 1969.

Kenneth J. Rome, pro se.

William A. Meadows, Jr., U. S. Atty., Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The appellant brought this suit in the District Court for the Southern District of Florida seeking judicial review of a decision by the appellee, Secretary of Health, Education and Welfare, denying the appellant's claim for social security disability benefits. On the Secretary's motion, the district court entered summary judgment upholding the denial of disability benefits. After a careful examination of the record, we have deter-

mined that the Secretary's decision was supported by substantial evidence; accordingly, we affirm the judgment of the district court.[1]

On October 2, 1963, the appellant applied to the Social Security Administration for the establishment of a period of disability and for disability insurance benefits pursuant to 42 U.S.C. §§ 416(i) & 423 (1964). The appellant's claim was denied initially and again denied after reconsideration. The appellant then sought a hearing to review the rejection of his claim. On September 23, 1965, a hearing was held before a Hearing Examiner; the evidence consisted of testimony by the appellant and two doctors and various medical reports. After the hearing, the Hearing Examiner issued a decision affirming the denial of the appellant's application. A request for review was granted by the Appeals Council which subsequently remanded the case to the Hearing Examiner for a supplemental hearing. Another hearing was conducted on December 13, 1966 at which the evidence consisted of the transcript from the previous hearing, new testimony by the appellant, testimony by two employment experts, and various reports by medical and social experts. After the supplemental hearing, the Hearing Examiner again affirmed the denial of benefits and the Appeals Council upheld the Hearing Examiner's decision. The sole question before this court is whether there is substantial evidence to support the Secretary's determination that the appellant is not disabled.

For purposes of this case, *disability* is defined as follows:

The term "disability" means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required.

42 U.S.C. § 423(c) (2) (1964). The appellant contended that his disability stemmed from a heart condition and a sprained sacroiliac. During the administrative hearings, the appellant's personal physician and an owner of an employment agency testified in support of the appellant's claim; two purportedly objective experts—an internist and a vocational consultant—testified in opposition to the appellant's claim. Additionally, the record contains the reports of various specialists to whom the Hearing Examiner had referred the appellant for examination.

■■■ If we were making the original determination in this case, it is entirely likely that we would have decided in favor of the appellant. However, on appeal our function is not to re-weigh the evidence but to determine whether there is substantial evidence to support the Secretary's decision. 42 U.S.C. § 405(g) (1964); Celebrezze v. Zimmerman, 339 F.2d 496, 497–498 (5 Cir. 1964) (per curiam); Celebrezze v. O'Brient, 323 F. 2d 989, 990 (5th Cir. 1963). There is substantial and persuasive evidence that the appellant has a severe heart condition; moreover, there is convincing evidence that the appellant's back sprain is a significant disability. However, we cannot say that there is no substantial evidence to support the Secretary's determination. Accordingly, we must affirm the judgment of the district court.

Affirmed.

---

1. Under Rule 18 the Court has placed this case on the Summary Calendar for disposition without oral argument. See

Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I [March 11, 1969].