James D. STILLWELL, Plaintiff-Appellant,

v.

Wilbur J. COHEN, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 26724

United States Court of Appeals
Fifth Circuit.

May 22, 1969.

Walter Gemeinhardt, New Orleans, La., Jesse M. Williams, III, Rushton, Stakely, Johnston & Garrett, Montgomery, Ala., for appellant.

Ben Hardeman, U. S. Atty., Ralph O. Howard, D. Broward Segrest, Asst. U. S. Attys., Montgomery, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge, GODBOLD, Circuit Judge, and CABOT, District Judge.

PER CURIAM:

In February, 1966, appellant filed an application with the Department of Health, Education and Welfare for a period of disability and disability insurance benefits, alleging that he had become disabled "about 1961." After considering all the evidence, the hearing examiner found that appellant was not under a disability on or before December 31, 1964.[1] This determination was affirmed by the Appeals Council, and the hearing examiner's decision became the final decision of the Secretary of Health, Education and Welfare.

On March 8, 1968, appellant brought this action pursuant to § 205(g) of the Social Security Act[2] to obtain judicial

---

1. This is the last date upon which appellant met the statutory requirements establishing eligibility for disability insurance benefits. 42 U.S.C. § 216(i) ; 42 U.S.C. § 423(c) (1).

2. 42 U.S.C. § 405(g) provides in relevant part:
   Any individual, after any final decision of the Secretary made after a hearing to which he was a party, * * * may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision * * *.

review of the Secretary's decision. On June 12, 1968, the district court entered an order affirming the Secretary's determination, and this appeal followed.

Appellant, a retired building contractor, alleged back trouble as a result of a 1950 tractor accident and gout as the principal impairments causing him to be disabled within the terms of § 223(d) of the Social Security Act [42 U.S.C. § 423(d) (1) (A); 42 U.S.C. § 423(d) (2) (A) and (3)]. These statutes read in relevant part as follows:

(d) (1) The term "disability" means
—
(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *.

(d) (2) (A) An individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy * * *.

(d) (3) For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

Appellant presented medical evidence from a general practitioner and an orthopedic specialist who had treated him at irregular intervals since the 1950 accident. The examiner, however, also received reports from an internist at Ochsner Clinic, New Orleans, consulted by one of appellant's physicians, and another Ochsner Clinic internist who examined appellant at the request of the hearing examiner. These later reports indicated that appellant did not suffer from gout and that most of his lower back pains resulted from obesity and fibrositis.[3] In addition, the later reports indicated that much of appellant's physical problem was related to an adverse psychological reaction brought about by his relatively early retirement at age 49.[4] The hearing examiner concluded that appellant was not disabled prior to December 31, 1964, and that his condition would be greatly eased by a reduction in weight and a return to some form of gainful activity.

At the outset, we bear in mind that the scope of judicial review of the Secretary's decision is narrowly limited to the issue of whether or not the Secretary's fact determinations are supported by substantial evidence. Hayes v. Celebrezze, 311 F.2d 648 (5 Cir. 1963). Moreover, credibility findings as to conflicts in the evidence are to be made by the Secretary and not the trial court. Celebrezze v. Zimmerman, 339 F.2d 496 (5 Cir. 1964).

It is unquestionable that there is substantial medical evidence in the record to sustain the hearing examiner's conclusion that appellant could improve his condition by losing weight and returning to work. There is persuasive evidence that a reduction in weight would ease many of appellant's problems, including his chronic anxiety, borderline diabetes and fibrositis pains. If an impairment reasonably can be remedied by

---

3. Fibrositis is a muscular ailment which could be responsible for appellant's back pain. However, there is no evidence of arthritis and the medical evaluations indicate that a reduction in appellant's weight would be expected to relieve his pain from this condition.

4. The medical reports accepted by the trial examiner indicate that appellant also has a minor hypertensive cardiovascular disease and borderline diabetes, both conditions which are not disabling and which could be greatly remedied by loss of weight. In addition, the reports indicated that appellant was restless and felt useless due to his sudden inactivity after a long career of intensive work.

treatment, it can not serve as a basis for a finding of disability. Henry v. Gardner, 381 F.2d 191 (6 Cir. 1967).

In addition to the medical evidence, the record shows that most of appellant's duties as a building contractor consisted of sedentary activity such as reading blueprints, estimating costs, submitting bids and personally supervising his contracting jobs. Even appellant's own physician certified that appellant was still capable of sedentary activity, and the evidence indicates that he would be able to engage in such activity without pain if he lost weight as he has been advised.

It is true, perhaps, that the evidence could be interpreted to show that appellant does suffer low back pains resulting from his 1950 accident and that this greatly inhibits even his sedentary activity. However, substantial evidence, which we are not at liberty to reject, supports the contrary findings of the trial examiner. Celebrezze v. Kelly, 331 F.2d 981 (5 Cir. 1964). Accordingly, the judgment of the district court is

Affirmed.