Jasper W. KNOX, Plaintiff-Appellant,

v.

Robert H. FINCH, Secretary of Health,
Education and Welfare, United States
of America, Defendant-Appellee.

No. 27896.

United States Court of Appeals,
Fifth Circuit.

June 12, 1970.

Bernard Cohen, Dallas, Tex., for plaintiff-appellant.

Eldon B. Mahon, U. S. Atty., William L. Johnson, Jr., Asst. U. S. Atty., Fort Worth, Tex., for defendant-appellee.

Before RIVES, GEWIN and INGRA-HAM, Circuit Judges.

PER CURIAM:

This action was brought under Social Security Act § 205(g), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Secretary of Health, Education and Welfare that Jasper W. Knox is not entitled to a period of disability or disability insurance benefits under the provisions of Sections 216(i) and 223 of the Social Security Act as amended, 42 U.S.C. §§ 416(i) and 423, respectively. The district court granted summary judgment in favor of the Secretary. We affirm.

Knox's application filed May 3, 1966 alleged inability to work since April 1965 due to diabetes, no sight in the right eye, poor sight in the left eye, and high blood pressure. His application was denied initially and upon reconsideration by the Bureau of Disability Insurance. Knox then requested a hearing before a hearing examiner. On December 9, 1966 a hearing was held at which Knox, his wife and a vocational expert testified. On December 30, 1966 the hearing examiner issued his decision that Knox is not entitled to a period of disability or to disability insurance benefits. Upon proper request the Appeals Council granted Knox a review of the hearing examiner's decision. The Appeals Council wished additional medical information and received reports from a specialist in internal medicine, an ophthalmologist, and a psychiatrist and an additional medical report submitted by Knox. The Appeals Council issued its decision on December 13, 1967. Knox filed his complaint seeking a review of the Secretary's decision. Both Knox and the Secretary filed motions for summary judgment which were heard on November 2, 1968. The district court entered summary judgment for the Secretary on March 13, 1969, accompanied by a memorandum opinion.

On appeal Knox first asks that we review under the clearly erroneous standard the findings expressed by the district court in its memorandum. Both the district court and this Court are bound by the provision of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), that, "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." There was no de novo trial in the district court and its so-called findings are not subject to review under the clearly erroneous standard of Rule 52(a), Fed.R.Civ.P. " 'The [primary] function of this Court, therefore, is not to re-weigh the evidence but to determine whether there is substantial evidence to support the Secretary's decision' Martin v. Finch, 5 Cir. 1969, 415 F.2d 793; Rome v. Finch, 5 Cir. 1969, 409 F.2d 1329, 1330; Labee v. Cohen, 5 Cir. 1969, 408 F.2d 998, 1000." Gray v. Secretary of Health, Education & Welfare, 5 Cir. 1970, 421 F.2d 638, 639; followed in Burdett v. Finch, Secretary of Health, Education & Welfare, 5 Cir. 1970, 425 F.2d 687. Of course, this Court also decides whether the Secretary used proper standards in reaching his decision. When, as here, the appeal is from a judgment granting summary judgment to the Secretary, or affirming the decision of the Secretary, the functions of this Court are virtually the same as those already performed by the district court, but, nonetheless are to be performed independently and carefully and without any presumption that the decision of the district court is correct.

Knox next insists that the Secretary failed to apply the proper standard in reaching his decision, and that his find-

ings were based on "fragmentation of impairments" rather than on "combinations of impairments." A careful reading of the decision of the Appeals Council persuades us to the contrary. It did no more than carefully analyze each separate ailment in order to decide whether by reason of any or all medically determinable physical or mental impairments Knox was unable to engage in any substantial gainful activity. See Section 223 (d) (1) (A) of the Social Security Act, 42 U.S.C. § 223 (d) (1) (A).

Knox was 52 years of age in April 1965, the date of his alleged disability. His formal education included two years of college. His vocational experience was limited to salesmanship. At the time of his disability he was engaged in selling automobiles. He had some prior experience as an insurance salesman and as a furniture salesman.

Knox's most basic ailment was diabetes,[1] which the Appeals Council found to be moderately well controlled. Knox had been under the care of Dr. Davenport since 1961. Dr. Davenport submitted two reports, the first indicating that Knox had "severe, unstable diabetes," and the second, dated June 20, 1966, that his diabetes was "moderately well controlled." Upon the request of the Appeals Council, Knox was examined by Dr. Dewey W. Johnston on June 21, 1967. Dr. Johnston made an extremely detailed report, concluding as follows:

"This man needs adequate medical care and supervision for diabetic control. His knowledge with reference to his disease state is grossly inadequate, and he makes no effort to seek help nor attempt to help himself."

While Knox earnestly insists that this evaluation by Dr. Johnston is not true, the Appeals Council could consider it as substantial evidence. The vocational expert's opinion, that in his present condition Knox was not employable, was made upon the assumption that his anxiety reactions and diabetic condition were not subject to improvement through treatment.

The rule is well settled "that a claimant who has a disabling impairment which can reasonably be classified as remediable is not entitled to receive disability benefits." Purdham v. Celebrezze, Secretary of Health, Education & Welfare, 4 Cir. 1965, 349 F.2d 828, 830. To like effect, see Ward v. Celebrezze, Secretary of Health, Education & Welfare, 5 Cir. 1962, 311 F.2d 115.

No good purpose would be served by summarizing the testimony of the various other physicians and witnesses. We have carefully read and studied the entire record, and we are convinced that there is substantial evidence to support the Secretary's decision.

The judgment is therefore

Affirmed.

---

1. He complained also of blindness in his right eye (which had been partially corrected by a cataract operation), limited vision in his left eye, high blood pressure, swelling of his legs, arthritis, fatigue, weakness, dizziness, shortness of breath and nervousness.