**Marshall DANIEL**

**v.**

**Elliot L. RICHARDSON, Secretary of Health, Education & Welfare.**

**Civ. A. No. 15093.**

United States District Court,
W. D. Louisiana,
Opelousas Division.

March 12, 1971.

Preston N. Aucoin, Ville Platte, La., for plaintiff.

Donald E. Walter, U. S. Atty., and Levin H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

### RULING

NAUMAN S. SCOTT, Judge:

Marshall Daniel brings this action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the decision of the Secretary of Health, Education and Welfare that Daniel was not entitled to the establishment of a period of disability under Section 216(i) of the Act, 42 U.S.C. § 416(i), or to disability insurance benefits under Section 223 of the Act, 42 U.S.C. § 423.

The hearing Examiner issued a decision denying the plaintiff's claim because he did not meet the Act's earning requirements. This decision became the final determination of the Secretary upon the Appeals Counsel declining review.

The issue before this Court is whether the evidence is sufficient to support the Examiner's finding that Daniel did not have sufficient quarters to meet the requirements for insured status. Celebrezze v. O'Brient, 323 F.2d 989 (5 Cir. 1963); Rome v. Finch, 409 F.2d 1329 (5 Cir. 1969). Considering the wage records, and the testimony of the employer, this Court finds there was substantial evidence to support the determination made by the Secretary.

To meet the requirement for insured status, claimant needs twenty (20) quarters of coverage during the last preceding forty (40) quarters ending with the calendar quarter in which he alleges onset of disability. Generally, a quarter of coverage is a calendar quarter after 1936 in which a person is paid at least $50.00 for employment covered by the Social

Security Act. After 1950, quarters of coverage could be earned by self-employed individuals whose net earnings in a taxable year are at least $400.00. No quarter of coverage may be credited for wages of less than $50.00, and no more than four (4) quarters of coverage may be earned in any calendar year. Section 213(a) of the Act, as amended, 42 U.S. C. § 413(a) provides that for years after 1954, if wages are earned for agricultural labor, a social security credit is earned for each $100.00 in cash wages paid in a year, provided that, after 1956 such wages paid to the worker during the year by the employer are at least $150.-00 or the person worked for an employer on at least twenty (20) days during the year for which cash pay was figured on a time basis.

The Examiner considered the above regulations in evaluating the evidence presented to him, and found that claimant had only three (3) quarters of coverage during the qualifying period. The claimant made statements substantiated by two witnesses which, if correct, would have formed the basis for finding additional quarters of coverage. The employer of claimant, however, made statements which directly contradicted the testimony of claimant and his witnesses. The Examiner accepted the employer's statements reinforced by the wage record of claimant and found that during the period of agricultural employment Daniel worked less than twenty (20) days per year and earned less than $150.00.

The Examiner listed as reasons for his decision: that claimant had no documentary evidence to support his testimony; the records of Ville Platte Welfare Office showing years of Welfare receipts and claimant's failure to mention the alleged employment when applying for Welfare; and the statements of the employer.

There are clearly contradictions contained in this record. Where such contradictions occur it is the task of the Secretary to resolve them. Stillwell v. Cohen, 411 F.2d 574 (5 Cir. 1969);

O'Brien v. Finch, 415 F.2d 802 (5 Cir. 1969). This Court's scope of review is limited to determining whether there is substantial evidence to support the final determination of the Secretary, 42 U.S. C. § 405(g). Determinations as to credibility to be given to testimony of witnesses and the weight to be given to evidence are to be made by the Secretary. Stillwell v. Cohen, *supra*; Celebrezze v. Zimmerman, 339 F.2d 496 (5 Cir. 1964).

The evidence in support of the Secretary's determination is substantial.

It is ordered that judgment be entered in favor of defendant.