**Mildred D. BAKER, Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education & Welfare, Defendant.**

**No. 70–132 Civ. T.**

United States District Court,
M. D. Florida,
Tampa Division.

April 2, 1971.

Irvin S. Cowie of Bentley, Miller, Sinder & Ellsworth, Lakeland, Fla., for plaintiff.

**350**

John L. Briggs, U. S. Atty., William M. James, Jr., Asst. U. S. Atty., Tampa, Fla., for defendant.

### ORDER

KRENTZMAN, District Judge.

 This is an action brought pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim for social security disability benefits. The hearing examiner before whom plaintiff appeared, originally found that plaintiff was not entitled to disability benefits.

The Appeals Council of the Social Security Administration subsequently remanded the case to the hearing examiner for additional evidence, further administrative proceedings, and a new decision.

A further hearing was held, and this time the hearing examiner issued a decision finding that plaintiff was under a disability since June 5, 1963. On review the Appeals Council reversed the hearing examiner's decision and held that plaintiff was not under a disability on or before the last date when she had the necessary insured status for entitlement to Social Security disability benefits. The decision of the Appeals Council became the final decision of the Secretary of Health, Education and Welfare. The question before the Court is whether or not there is substantial evidence in the record to support the Appeals Council decision that plaintiff did not meet the statutory test of disability before insured status expired. 42 U.S.C. § 405(g); Rome v. Finch, 409 F.2d 1329 (5 Cir. 1969).

The burden which a claimant has in demonstrating entitlement to Social Security disability benefits is indeed a heavy one. Brown v. Finch, 429 F.2d 80 (5 Cir. 1970). This heavy burden coupled with the restrictive role which the Courts have in reviewing final decisions of the Secretary, Rome v. Finch, *supra,* has resulted in a proliferation of Federal Court decisions affirming administrative decisions denying disability benefits. This is not to say, however, that the Courts have abdicated the traditional function of scrutinizing the record to determine the reasonableness of the decision reached. Williams v. Finch, 440 F.2d 613 (5 Cir. 1971). After carefully considering the entire record in this case, the Court is drawn to the conclusion that the Secretary's decision is not supported by substantial evidence, and the case should be remanded to the agency for further proceedings.

Plaintiff's claim for disability benefits before the agency was two pronged. She maintained that she was entitled to disability benefits due to physical and psychological ailments. Upon examining the record of proceedings before the agency the Court concludes that the final decision of the Secretary that plaintiff is not entitled to disability benefits due to alleged physical impairments is amply supported by evidence in the record. The finding that plaintiff was not entitled to disability benefits on the basis of her psychological ailments, however, is not supported by substantial evidence. The primary evidence supporting plaintiff on the issue of her mental disability is the report of Dr. Arie den Breeijen.

Dr. den Breeijen is a qualified psychiatrist.

He examined plaintiff and concluded that she suffered from chronic depressive reaction with a considerable amount of somatization. He determined that she would not be able to return to gainful employment. Evidence in conflict with this finding included a report of a telephone contact by a Dr. F. B. Thigpen to Dr. den Breeijen, which parrots only the portions of Dr. den Breeijen's findings which were not advantageous to plaintiff in this action. Dr. J. Thomas West, who has a Ph.D. in clinical psychology testified at the second hearing before the hearing examiner as a

vocational expert. He testified that he thought that plaintiff was capable of performing light domestic work. He had never examined the plaintiff however, and had never seen her before the hearing. Furthermore, Dr. West expressed doubts as to the emotional factors in plaintiff's background. The following colloquy took place between the hearing examiner and Dr. West:

"Q. [hearing examiner] Do you have an understanding of Mrs. Baker's overall condition which would include the limitations imposed by the impairments and the residual capacity?

"A. [Dr. West] I have in respect to the physical ailments, it seems to be quite clear, the testimony and the reports from the physicians. I still am in doubt concerning the report from the consulting psychiatrist. The report I was able to read today, the telephone call from him [the call from Dr. Thigpen to Dr. den Breeijen], I still cannot determine on the basis of the psychiatrist's report, what should be considered to be the extent of her depressive and anxiety condition which, to me, is a very key point in this case."

On each occasion during his testimony that Dr. West suggested possible occupations appropriate for plaintiff, he expressed doubts as to the emotional factors, i. e. as to whether or not plaintiff's psychological ailments would prohibit her from engaging in the employment that he suggested. The government has argued that the report of an examination of plaintiff performed at the Watson Clinic in Lakeland, Florida, supports the Appeals Council determination that plaintiff was not disabled within the meaning of the Social Security Act. The Watson Clinic report does not reflect consideration of plaintiff's psychological ailments. The report does go into some detail concerning the physical ailments.

The state of the record before the agency is that Dr. den Breeijen's finding that plaintiff would not be able to return to gainful employment is not effectively rebutted. The telephonic conversation between Dr. den Breeijen and Dr. Thigpen can scarcely be called substantial evidence, and the testimony of Dr. West is inconclusive. This being the case the Court must conclude that the final order of the Secretary is not supported by substantial evidence on the issue of plaintiff's entitlement to Social Security disability benefits due to her emotional or psychological ailments. Since the report of Dr. den Breeijen's examination apparently is in need of clarification, it is appropriate that this case be remanded to the agency so that additional psychiatric evidence can be considered, either by having Dr. den Breeijen testify, or through another examination and evaluation by a qualified psychiatrist.

It should be noted that in response to defendant's motion for summary judgment, which the Court previously determined was not an appropriate motion,[1] plaintiff filed an affidavit of Dr. den Breeijen. Since the Court is limited in this action to consideration of the record before the administrative agency, 42 U.S.C. § 405 (g), the Court has given no consideration to this affidavit. It is, therefore,

Ordered and adjudged:

The final decision of the Secretary of Health, Education and Welfare is hereby reversed, and this case is hereby remanded to the Secretary of Health, Education and Welfare for further proceedings in accordance with this order.

---

1. While summary judgment is frequently utilized as a procedural device in Social Security appeals, such procedure is not technically correct or necessary under the provisions of 42 U.S.C. § 405(g). In deciding a case based on that provision, the Court can look no further than the pleadings and transcript of the record before the agency. No de novo hearing is authorized. Ruling on the transcript and pleadings constitutes final disposition of the cause, and cannot properly be labeled summary within the contemplation of Rule 56, F.R.C.P.