James W. PATE, Plaintiff,

v.

Elliot L. RICHARDSON, Secretary of
Health, Education and Welfare,
Defendant.

Civ. A. No. 69–H–450.

United States District Court,
S. D. Texas,
Houston Division.

July 12, 1971.

**40**

George C. Dixie, Dixie, Wolf & Hall, Houston, Tex., for plaintiff.

Anthony J. P. Farris, U. S. Atty., Charles B. Wolfe, Asst. U. S. Atty., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

BUE, District Judge.

This is an action to review a final decision of the Secretary of Health, Education and Welfare, pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), holding that plaintiff is not disabled so as to entitle him to disability insurance benefits and to establish a period of disability pursuant to sections 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i) and 423. The plaintiff filed an application to establish a period of disability and for insurance benefits on January 24, 1968. The final decision of the Secretary consists of the decision of the Appeals Council of May 5, 1969 affirming, without additional findings, the decision of the hearing examiner of January 2, 1969. This cause is presently before this Court on cross-motions for summary judgment.

The scope of review by this Court is limited to consideration of whether the findings of the Secretary as reflected in the record, are supported by substantial evidence and whether proper legal standards were applied. 42 U.S.C. § 405(g); Green v. Gardner, 391 F.2d 606 (5th Cir. 1968). Substantial evidence is defined as that amount of relevant evidence as a reasonable mind might accept as adequate to support the Secretary's conclusion. Hayes v. Celebrezze, 311 F.2d 648 (5th Cir. 1963). It is not this Court's function to try the case de novo, Alsobrooks v. Gardner, 357 F.2d 110 (5th Cir. 1966), rehearing denied, 394 F.2d 985 (5th Cir. 1968); nor to weigh the evidence, Brown v. Finch, 429 F.2d 80 (5th Cir. 1970); nor to resolve factual conflicts including contrary medical opinions of doctors, Hayes v. Celebrezze, *supra*; nor to make credibility findings, Celebrezze v. Zimmerman,

339 F.2d 496 (5th Cir. 1964). The Court, however, must scrutinize the record as a whole to determine if the Secretary's findings and conclusions are reasonable. Bridges v. Gardner, 368 F.2d 86 (5th Cir. 1966).

■ At the outset it is obvious that there is conflict in the medical evidence. Several doctors testified, by written reports, as to plaintiff's physical condition. The hearing examiner indicated that "the diagnosis best supported by the record is degenerative arthritis, mild, of the lumbar spine." Transcript, at 39. Dr. Wilde, who submitted this diagnosis, indicated that on the basis of his findings plaintiff could do light lifting up to 20 pounds occasionally and 15 pounds regularly. Transcript, at 209. Additionally, Dr. Leavens concluded that "[f]rom a neurological standpoint [plaintiff] should be able to return to work." Transcript, at 217.

The hearing examiner recognized that "if the claimant has as much pain as he indicated at the hearing, he could not find and retain employment because he could not perform consistently at a satisfactory level." Transcript, at 38. It was concluded, however, that plaintiff would not suffer pain if the work limitations prescribed by Dr. Wilde were followed.[1] The hearing examiner concluded that plaintiff could not perform satisfactorily the types of employment previously done since they involved heavy work. However, based on the testimony of a vocational expert it was concluded that there were numerous jobs available that plaintiff could perform in the Houston area. Section 223(d) (2) (A) of the Act, 42 U.S.C. § 423(d) (2) (A), provides that a person will be considered disabled only if he cannot do his previous type of work and if he cannot

"engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives. * * *" The phrase "work which exists in the national economy" geographically means work in the region in which the person lives "or in several regions of the country." Although evidence was presented that would indicate that plaintiff was physically unable to commute daily from his home to Houston, a distance of 40 to 50 miles, the hearing examiner, relying upon evidence to the contrary, decided that this testimony was not supported by the weight of the evidence.

Taking the record as a whole this Court finds that there is substantial evidence to support the Secretary's determination.

■ As an additional basis for relief, plaintiff asserts that the hearing procedure prescribed by the Act and employed by the hearing examiner in this instance denied plaintiff a fair hearing before an impartial decision maker as guaranteed by the due process clause of the Fifth Amendment.

Specifically, plaintiff asserts that the hearing examiner does not serve in an impartial manner since he acts in multiple capacities as investigator, prosecutor and judge. To support this position plaintiff places primary reliance upon Cohen v. Perales, 412 F.2d 44, rehearing denied, 416 F.2d 1250 (5th Cir. 1969). Such reliance is no longer valid in view of the fact that this decision only recently has been reversed. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). In *Perales* the contention of constitutional impropriety in the hearing procedure in social secu-

---

1. The proper legal standard was employed. The examiner recognized that pain can be so severe as to make it impossible to engage in substantial employment and that observable objective symptoms are not required to be shown if the pain does, in fact, exist. *See* Moncrief v. Gardner, 357 F.2d 651 (5th Cir. 1966) ; Sayers v. Gardner, 380 F.2d 940 (6th Cir. 1967). *See also* Butler v. Flemming, 288 F.2d 591 (5th Cir. 1961).

rity cases was expressly rejected. It was indicated that:

> Neither are we persuaded by the advocate-judge-multiple-hat suggestion. It assumes too much and would bring down too many procedures designed, and working well, for a governmental structure of great and growing complexity. The social security hearing examiner, furthermore, does not act as counsel. He acts as an examiner charged with developing the facts. The 44.2% reversal rate for all federal disability hearings in cases where the state agency does not grant benefits, M. Rock, An Evaluation of the SSA Appeals Process, U. S. Department of HEW, Report No. 7 (1970), at p. 9, attests to the fairness of the system and refutes the implication of impropriety.

402 U.S. at 410, 91 S.Ct. at 1432. The *Perales* decision also indicated that Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), which plaintiff cites as supporting his contention, is not applicable to this type of social security proceeding. 402 U.S. at 410, 91 S.Ct. 1420. What is apparent is that the character of a hearing before the hearing examiner under this particular Act departs significantly from that present in a true adversary proceeding. *See* Borrero Arce v. Finch, 307 F.Supp. 1071 (D.Puerto Rico 1969). In view of the *Perales* decision and the facts in this cause it is this Court's conclusion that plaintiff did, in fact, receive a fair hearing. As a result, plaintiff's constitutional challenge to the procedures employed in the disability determination is viewed as without merit.

Accordingly, a judgment will be entered denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment. Clerk shall notify counsel.