Wiley **SHARBINO**

v.

Elliott L. **RICHARDSON, Secretary, United States Department of Health, Education and Welfare.**

**Civ. A. No. 16123.**

United States District Court,
W. D. Louisiana,
Alexandria Division.

Nov. 11, 1971.

Leonard Fuhrer, Alexandria, La., for plaintiff.

Donald E. Walter, U. S. Atty., Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

NAUMAN S. SCOTT, District Judge:

The plaintiff, Wiley Sharbino, brings this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision by the Secretary of Health, Education and Welfare that the plaintiff was not entitled, under Section 216(i) of the Act, 42 U.S.C. § 416(i), to the establishment of a period of disability or under Section 223 of the Act, 42 U.S.C. § 423, to disability insurance benefits. The Secretary has filed a motion for summary judgment and the plaintiff has filed a cross-motion for summary judgment.

The plaintiff alleges that he "is presently, and was on and before June 30, 1952, totally and permanently disabled from performing substantial gainful work, within the meaning and intent of the Social Security laws, on account of: (a) back condition; (b) venereal disease; (c) mental condition; (d) gastrointestinal disorders."

The plaintiff last met the special earnings requirements for disability purposes on June 30, 1952. The claim was disallowed initially and, subsequent to a hearing held on May 20, 1970, the Hearing Examiner found that the plaintiff was not entitled to the relief sought because of his failure to prove the required disability on or prior to June 30, 1952. This decision was upheld by the Appeals Council of the Department of Health, Education and Welfare, thus rendering it the final decision of the Secretary.

██ The scope of this Court's review is limited to determining whether there is substantial evidence to support the findings of fact by the Secretary. It is not the function of the Court "to reweigh the evidence". Rome v. Finch, 409 F.2d 1329, 1330 (5th Cir. 1969); Knox v. Finch, 427 F.2d 919 (5th Cir. 1970); Cross v. Finch, 427 F.2d 406 (5th Cir. 1970).

The decision of the Hearing Examiner that the plaintiff was not entitled to the benefits sought was based on the following: (1) that the plaintiff, in fact, engaged in considerable work up until the year 1958 amounting to substantial gainful activity; (2) that the plaintiff had indicated, in statements which he had signed while making previous applications for disability insurance benefits, that he was capable of working up until 1958 when his back condition became so aggravated he could no longer continue;

and (3) that the testimony of the Medical Advisor was to the effect that "claimant could have performed a less strenuous type of work on a continuous basis".

Section 223(d) (2) (A) of the Social Security Act, 42 U.S.C. § 423(d) (2) (A), provides:

"An individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work * * *."

The medical evidence in the record of proceedings do not substantiate the findings of the Hearing Examiner. In response to the question of the Hearing Examiner, "Now, Doctor, from all your knowledge in this case have you formed an opinion as to what the correct diagnosis should be prior to June 30th of 1952, and if you have formed such an opinion, would you please state how such a diagnosis would have restricted Mr. Sharbino in his family activities?" Dr. Rufus Holt Craig, the Medical Advisor in this matter, responded, in part, as follows: "Also, he has a psychophysiologic reaction, chronic, moderate; manifested by numerous somatic complaints of easy fatigue, lack of stamina, pains in his stomach, pains in his back. * * * The psychophysiologic reaction, which he had, would interfere, as it has, in this man's ability to perform continuous arduous work on a day-to-day basis. In other words, this is a man who lacks the drive, the stamina, the motivation to do continuous work on * * * of the nature in which he was qualified to do, eight hours a day, forty hours a week. Had he been better educated or able to do less strenuous work, I feel like he probably could have done this on a continuous basis". (Tr. 64, 65.) It was established by the Hearing Examiner that the plaintiff was born in 1910, is completely illiterate, i. e. unable to read, write or perform simple arithmetic, and has worked as a construction laborer, truck driver and sawmill operator. His limited training, education and experience would seem to bring him within the purview of the rule that "when a claimant's former employment is the only type of work he is capable of performing, then 'former work' means 'any work' and the requirements of the Act are met." Celebrezze v. O'Brient, 323 F.2d 989, 992 (5th Cir. 1963); Celebrezze v. Warren, 339 F.2d 833 (10th Cir. 1964). No evidence in the record indicates that the plaintiff was capable of performing work other than that which he had done in the past. Thus, the testimony of the Medical Advisor is clearly in support of the plaintiff's claim.

Further, there is in the record the medical report of Dr. A. F. Breazeale, Jr., dated February 13, 1968, who states "this patient has been followed in the office at approximate monthly intervals (since April 8, 1965) for treatment of lumbar pain, abdominal distension presumably due to spastic gastritis, mild obesity and anxiety symptoms. He requires medication regularly for relief of his backache and occasionally the use of tranquilizer type medication. It is felt that he is disabled from his previous strenuous type of work and will be disabled from this type of occupation permanently, this disability starting approximately in 1943. Diagnostic impression: 1. Chronic Lumbar Sprain. 2. Chronic Anxiety Reaction. 3. Obesity, mild." (Tr. 119.)

The plaintiff was evaluated at the Veterans Administration Center in Shreveport on July 18, 1961. The examining physician stated in his report: "IMPRESSION: 1. Osteoarthritis involving the lumbar spine with irritation

of the nerve roots extending into the left lower extremity". (Tr. 98.) The plaintiff was again evaluated at the Veterans Administration Center on July 5, 1963, at which time the examining physician stated: 1. Lumbosacral strain with some sciatic nerve irritation on the left * * *." (Tr. 104.)

The medical evidence in the record is uncontradicted, none of it supporting the finding of the Secretary.

■ There is considerable evidence in the record to indicate that the plaintiff engaged in work activity from 1943 to 1958. Indeed the plaintiff admitted this. However, this work was of an irregular and sporadic nature, subject to frequent interruptions, according to the testimony in the record, because of the plaintiff's ailments. The pitifully small amounts reflected in the plaintiff's earnings records (Tr. 111) indicate that the work which was done was irregular. The jobs which he held for any substantial period of time were for close friends who would tolerate frequent layoffs. The testimony of the plaintiff and his wife is to the effect that he was consistently in pain while working from 1943 to 1958 and that in 1958 he was injured to such an extent that he could no longer work at all. There is no evidence in the record to indicate that the plaintiff engaged in extensive, productive employment. The fact that the plaintiff has engaged in some work activity does not disprove his disability. Hicks v. Flemming, 302 F.2d 470 (5th Cir. 1962); Varnado v. Flemming, 295 F.2d 693 (5th Cir. 1961); Flemming v. Booker, 283 F.2d 321 (5th Cir. 1960).

■ The Hearing Examiner further relies on the fact that the plaintiff signed several statements stating either that he became disabled in 1958 or that he was able to work prior to 1958. These statements were made on separate occasions in the years 1963, 1964 and 1968 in connection with the plaintiff's previous applications for disability insurance benefits. These statements are clearly reconcilable with the remainder of the evidence in the record. That the plaintiff did work during that period is evident from the record. The extent of that work activity is also evident from the record. The plaintiff's statement that he became "disabled" in 1958 can clearly be attributed to his impression that since he could no longer work at all, this constituted disability. The plaintiff clearly has neither the knowledge nor the ability to determine disability in a Social Security sense and to allow his statements with regard to his "disability" to negate the balance of the evidence in the record would do serious injustice. At any rate, little weight should be accorded these statements in view of the fact of plaintiff's illiteracy and ignorance. The statements are not "substantial evidence to support the findings of fact by the Secretary".

■ The evidence in the record indicates that the plaintiff has sustained his burden of proof. The record further reveals a lack of substantial evidence to support the Secretary. The broad purposes of the Act require a liberal construction in favor of disability if same is reasonably made out. Bagwell v. Celebrezze, 232 F.Supp. 989 (W.D.S.C. 1964). The intent is inclusion, rather than exclusion. Miles v. Celebrezze, 233 F.Supp. 767 (W.D.S.C.1964).

The motion for summary judgment on behalf of the defendant is denied. The cross-motion for summary judgment on behalf of the plaintiff is granted, the decision of the Secretary is reversed and the matter is remanded to the Secretary of Health, Education and Welfare for proceedings consistent with the judgment of this Court.