Jesus C. BONILLA

v.

Elliot RICHARDSON, Secretary of Health, Education, and Welfare.

No. SA-71-CA-64.

United States District Court,
W. D. Texas,
San Antonio Division.

March 20, 1972.

James R. Warncke, San Antonio, Tex., for plaintiff.

Hugh P. Shovlin, Asst. U. S. Atty., San Antonio, Tex., for defendant.

## MEMORANDUM AND ORDER DETERMINING MOTIONS FOR SUMMARY JUDGMENT

SUTTLE, District Judge.

This action is brought by plaintiff, Jesus C. Bonilla, against Elliot Richardson, Secretary of Health, Education, and Welfare, under the Social Security Act, § 205(g), 42 U.S.C. § 405(g) (1970), to review a final decision of the Secretary denying plaintiff's application for the establishment of a period of disability under § 216(i) of the Act, 42 U.S.C. § 416(i) (1970), and for disability insurance benefits under § 223 of the Act, 42 U.S.C. § 423 (1970). Plaintiff filed application for disability insurance benefits on July 28, 1969, alleging that he became unable to work on May 1, 1969, at age 37, because of "diabetic, back injury." (Tr. 74). His application was denied both initially and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration after a Texas State Agency found that plaintiff was not under the necessary disability. (Tr. 78–88). Plaintiff thereafter requested an administrative hearing which was held on June 1, 1970, with plaintiff, his counsel, one witness, and a vocational expert in attendance. (Tr. 28–72). On September 16, 1970, the hearing examiner issued his opinion denying plaintiff's application. (Tr. 13–22). On December 1, 1970, the Appeals Council granted a rehearing and arranged for plaintiff to have a medical examination. (Tr. 11). After receipt of additional evidence, the Appeals Council affirmed the hearing examiner on February 22, 1971 (Tr. 4–10), and this decision became the final decision of the Secretary subject to judicial review. This action was filed February 26, 1971, and is presently before this Court on cross-motions for summary judgment.

The sole issue before this Court is whether there is substantial evidence in the record to support the Secretary's finding that plaintiff is not entitled to a period of disability or disability insurance benefits under the Act, and whether the Secretary applied the proper legal standards. 42 U.S.C. § 405(g) (1970); Williams v. Finch, 440 F.2d 613, 615 (5th Cir. 1971); Green v. Gardner, 391 F.2d 606, 607 (5th Cir. 1968). "Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), quoting, Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938).

It is not this Court's function to try the case de novo, Alsobrooks v. Gardner, 357 F.2d 110 (5th Cir. 1966), rehearing denied, 394 F.2d 985 (5th Cir. 1968); nor to weigh the evidence, Brown v. Finch, 429 F.2d 80 (5th Cir. 1970); nor to resolve factual conflicts including contrary medical opinions of doctors, Hayes v. Celebrezze, supra, [311 F.2d 648 (5th Cir. 1963)]; nor to make credibility findings, Celebrezze v. Zimmerman, 339 F.2d 496 (5th Cir. 1964).

Pate v. Richardson, 330 F.Supp. 39, 40–41 (S.D.Tex.1971); accord, Jackson v. Richardson, 449 F.2d 1326 (5th Cir. 1971); Cross v. Finch, 427 F.2d 406 (5th Cir. 1970); Martin v. Finch, 415 F.2d 793 (5th Cir. 1969).

██ The applicant had the burden of proving the disability which would entitle him to social security benefits under the Act. Jenkins v. Gardner, 430 F.2d 243, 245–46 (6th Cir. 1970), *cert. denied,* 400 U.S. 1001, 91 S.Ct. 472, 27 L.Ed.2d 452 (1971); King v. Finch, 428 F.2d 709, 711 (5th Cir. 1970). The burden is a heavy one. Williams v. Finch, *supra,* at 615. Disabling impairments must be lengthy and of indefinite duration.[1] Moreover, under the Act as amended in 1968, the applicant must show that:

> he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work *which exists in the national economy,* regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.[2]

42 U.S.C. § 423(d) (2) (1970), *as amended* [emphasis supplied].

██ Courts have recognized that the burden on the applicant is so stringent that it borders on being unrealistic. Williams v. Finch, *supra,* at 615; *see* Floyd v. Finch, 441 F.2d 73, 76 (6th Cir. 1971) (McAlister, J., dissenting); Cooper v. Finch, 433 F.2d 315, 316 (5th Cir. 1970). Nevertheless, the standard is

clear and the United States Supreme Court recently approved the Act as fair and workable. Richardson v. Perales, 402 U.S. 389, 410, 91 S.Ct. 1420, 28 L. Ed.2d 842 (1971). This is not to say that the Courts have abdicated their traditional judicial function of scrutinizing the record as a whole to determine the reasonableness of the Secretary's decision. Williams v. Finch, supra, at 615; *see* Jackson v. Richardson, 449 F.2d 1326 (5th Cir. 1971); Sharbino v. Richardson, 334 F.Supp. 107 (E.D.La.1971). This function necessitates an inquiry to establish whether the Secretary correctly determined (1) what can claimant do?; and (2) what employment opportunities in the national economy are available to a man who can only do what claimant can do? Butler v. Flemming, 288 F.2d 591, 594 (5th Cir. 1961).

The evidence shows that plaintiff was born on July 15, 1931 in Mexico, where he attended school to the sixth grade. (Tr. 5, 34). Prior to 1969, his vocational experience included work as a television tube tester, a trimmer for an aircraft company, a welder's helper, a mechanic's helper, a service station attendant, and a construction worker. (Tr. 34–37). On May 1, 1969, plaintiff injured his back while lifting a heavy beam at work. Subsequently, plaintiff was hospitalized several times due to his back injury. On one occasion, doctors

---

1. "(1) The term 'disability' means—
     (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."
   42 U.S.C. § 423(d) (1) (1970).

2. "Work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.
   42 U.S.C. § 423(d) (2) (1970), as amended. Prior to 1968, the Courts interpreted the Act to mean that if an applicant established inability to engage in his or her regular employment, but had some

residual capacity for light work, the burden shifted to the Secretary to show what light work was being performed within reasonable proximity to applicant's place of residence. *See* Jenkins v. Gardner, 430 F.2d 243, 246 (6th Cir. 1970); Moncrief v. Gardner, 357 F.2d 651, 653 (5th Cir. 1966). Congress eliminated this judicial rule in 1968 by allowing the Secretary to show only that some job exists in the national economy which claimant could perform and "job area" is not now confined to applicant's locality. King v. Finch, 428 F.2d 709 (5th Cir. 1970); Martin v. Finch, 415 F.2d 793 (5th Cir. 1969). The 1968 amendment is effective with respect to applications, such as this one, which were pending on January 2, 1968, the month the act became effective. Martin v. Finch, *supra.*

discovered he had diabetes. (Tr. 100). On July 17, 1969, Dr. Lewis M. Helfer performed a low back operation, which he described as an "interlaminal removal of herniated nucleus pulposus at L5–S1 bilaterally, L4–5 left." (Tr. 102). Plaintiff claims, however, that there has been no lasting improvement because he has trouble sitting or standing for longer than 30 minutes at a time, he cannot walk further than 4 or 5 blocks and he must lie down intermittently throughout the day. (Tr. 50, 51, 71). Following his operation, plaintiff attempted to work as an automobile and furniture upholsterer, a construction worker, and a dishwasher. (Tr. 40–43). Because of his back pain, plaintiff was forced to leave each of these jobs after a few days.

■ A detailed discussion of the medical evidence in the record is beyond the scope of this opinion. Briefly stated, the record establishes that the plaintiff has the following medical ailments: (1) herniated discs at L4–5 and L5–S1, which were repaired by surgery on July 17, 1969 (Dr. Helfer, Tr. 102); (2) diabetes (Dr. Helfer, Tr. 100); (3) degenerative osteoarthritis throughout the spine (Dr. Hardy, Tr. 116); (4) anterior lipping, especially at the L–4 level (Dr. Hardy, Tr. 116); (5) Spondylolysis [3] (Radiology Report, Tr. 117); and (6) obesity (Dr. Hardy, Tr. 115). The examiner's conclusion is uncontradicted that, due to the operation and permanent-partial impairment to the body resulting therefrom, "Mr. Bonilla does not have the physical capacity to engage in heavy, aduous exertion and probably cannot perform moderate labor." (Tr. 20). However, the examiner concluded that plaintiff "retains sufficient physical and mental capacities to engage in at least light sedentary occupational activities." (Tr. 21). The Court finds substantial evidence to support this conclusion.

There is substantial evidence in the record to support the examiner's conclusions that plaintiff does not suffer any significant functional loss due to diabetes millitus, and, with regard to obesity, "should Mr. Bonilla lose weight as suggested by his doctor, the condition of the back and left leg would improve." (*See* Tr. 105, 116, 113).

The rule is well settled "that a claimant who has a disabling impairment which can reasonably be classified as remediable is not entitled to receive disability benefits." Knox v. Finch, 427 F.2d 919, 921 (5th Cir. 1970) [diabetes]; Stillwell v. Cohen, 411 F.2d 574, 575–76 (5th Cir. 1969) [obesity].

■■ There is no clinical or medical evidence in the record that the degenerative osteoarthritis, anterior lipping, or spondylolysis prevents all substantial gainful activity. The only evidence that claimant cannot perform any work is from claimant himself. Section 404.1501(c) of Social Security Administration Regulation No. 4 states: "Statements of the applicant, including his own description of his impairment (symptoms) are, alone, insufficient to establish the presence of a physical or mental impairment." [4] Plaintiff, therefore, has not shouldered his burden of proof. *Compare* Williams v. Finch, 440 F.2d 613, 615–16 (5th Cir. 1971). Although the evidence is clear that plaintiff suffers pain as a result of the accident and subsequent operation, there is also evidence that this pain is relieved by physical therapy. (Tr. 106). Regardless of how this Court would view the evidence if it were before the Court in an original proceeding, the evidence cannot now be reweighed. Although pain can be disabling in certain cases, *see* Pate v. Richardson, 330 F.Supp. 39, 41 n. 1 (S.D.Tex. 1971), there is no evi-

3. Dissolution of a vertebra; a condition marked by platyspondylia, aplasia of the vertebral arch, and separation of the pedicle.
   Dorland's Medical Dictionary (23rd ed. 1957).

4. 20 C.F.R. § 404.1501(c) (1971). Because this regulation is consistent with the spirit and intent of the Act, it has the full force and effect of law. Collins v. Finch, 311 F.Supp. 301, 306 (W.D.Pa.1970).

dence in this case that Mr. Bonilla is disabled by pain from performing all substantial, gainful activity.

Since the Secretary supported his conclusions that plaintiff can do light, sedentary work, the next matter to be reviewed is whether there is substantial evidence in the record to support the Secretary's determination that there are employment opportunities in the national economy available to the claimant. The vocational expert who testified at the examining hearing found that one possessing plaintiff's skills, and assuming his present incapacities, could work at food processing and preparation jobs and jobs that involved services, including checking, recording, or other clerical work, meter reader or meter checker for gas or electric companies, parking meter collector, electronic tube tester (job plaintiff did previously), bottle checker for a brewery or soft drink company, ticket taker, parking lot attendant or manager, night watchman, and service station attendant (job plaintiff did previously), so long as no heavy work was required. (Tr. 60–62). The expert testified that, although he did not know whether these jobs were available in San Antonio, Texas, he was familiar with similar jobs available in the Austin, Texas area, 76 miles away. He testified that there were four soft drink bottling plants in Austin which employed approximately 20–25 people, and that there were two breweries in San Antonio which employed about twice that number. He estimated that there were about 50–60 theaters in Austin and 100–125 in San Antonio; that there were 35–40 parking lot attendant jobs in Austin and 50–60 in San Antonio; that there were 100 night watchmen jobs in Austin and about 90–100 service station attendant jobs in San Antonio. Although he did not know of any electronic

tube testing jobs in plaintiff's locality, he thought there were some in Dallas or Houston, Texas. (Tr. 63, 64, 65, 71). No evidence was offered of jobs available outside of Texas. Based on the evidence, the examiner concluded:

> The medical evidence of record does not establish that Mr. Bonilla is suffering from any medically determinable physical or mental impairment, or any combination thereof, which would prevent him from returning to work in the jobs of bottle checker, ticket taker, parking lot attendant, night watchmen, service station attendant and tube tester. These jobs exist in significant numbers either in the region in which Mr. Bonilla resides or in several regions in the country and generally throughout the country. (Tr. 22).

It is proper for the Secretary to take administrative notice that these jobs were light and sedentary in nature and existed in the national economy. Brown v. Finch, 429 F.2d 80, 82 (5th Cir. 1970). The Secretary is not required to show that some job exists for which claimant would be hired, but only that some job exists in the economy which claimant can perform. Jackson v. Richardson, 449 F.2d 1326, 1330 (5th Cir. 1971). Viewing the record as a whole, and considering plaintiff's age, education and work experience, this Court must hold that there is substantial evidence to support the Secretary's finding that plaintiff is not entitled to a period of disability or disability insurance benefits under the Social Security Act.

Accordingly, plaintiff's Motion for Summary Judgment is hereby, in all things, denied, and defendant's Motion for Summary Judgment is hereby, in all things, granted, and it is so ordered. Judgment will enter accordingly.