Martha E. FOSS,[1] Appellant,

v.

John W. GARDNER, Secretary of Health,
Education and Welfare, Appellee.

No. 18214.

United States Court of Appeals
Eighth Circuit.

July 14, 1966.

Magee, Magee, Hiniker & Pherson,
Minneapolis, Minn., for appellant.

John W. Douglas, Asst. Atty. Gen.,
Dept. of Justice, Washington, D. C., for
appellee; Morton Hollander and Edward
Berlin, Attorneys, Dept. of Justice, Wash-
ington, D. C., and Hartley Nordin, U. S.
Atty., Minneapolis, Minn., on the brief.

Before VAN OOSTERHOUT, BLACK-
MUN and GIBSON, Circuit Judges.

---

1. It appears from appellant's brief that
Martha E. Foss died on July 16, 1965.
Our rule provides that a substitution
should be made for a deceased party.
Such rule should be observed. It is prob-
able that no personal representative has
been appointed for Miss Foss. We have
chosen to consider this appeal on its mer-
its but our action in so doing should not
be considered a precedent.

VAN OOSTERHOUT, Circuit Judge.

This is a timely appeal from final judgment of the District Court affirming the determination of the Secretary of Health, Education and Welfare, denying the application of Martha E. Foss for old-age insurance benefits and dismissing the complaint. The review proceedings were instituted in the trial court pursuant to 42 U.S.C.A. § 405(g).

The application at issue here (claimant's third application) was filed November 18, 1958. Benefits were claimed upon the theory that the claimant qualified as an employee of her brother Arnold. The applicant was given a full hearing upon her claim before a hearing examiner at Marshall, Minnesota. After an adverse decision, claimant sought and obtained a review by the Appeals Council. Her claim was again denied, the reasons therefor being explained in a rather extensive opinion. The Appeals Council states:

"Although, there were certain factors which would normally indicate the existence of an employment relationship, i. e., the claimant's work history and her ability to satisfactorily perform the duties, and the need for the services, the other incidents of the work relationship pointing to nothing more than a cooperative familial relationship, far outweigh those indicating an employment relationship."

The decisions of the Appeals Council constitute a final determination by the Secretary.

The trial court dismissed the complaint. In an unreported memorandum opinion, the trial court states: "The Court is without any doubt whatsoever as to the decision of the Secretary being supported by substantial evidence. In fact, the decision on the record could not have been otherwise."

Upon this appeal, claimant urges the court erred in determining she was not eligible for benefits as (1) an employee, and (2) as a self-employed person.

It is undisputed that claimant was over sixty-five years and that she has qualified for the benefits claimed if the payments made to her by her brother Arnold were paid to her as wages to an employee. The critical question is whether the claimant occupied the status of an employee. 42 U.S.C.A. § 410(j) provides:

"Employee.

"The term 'employee' means—* * *

(2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee; * * *."

The Secretary determined that while the claimant performed valuable services as a nurse to members of her family, such services were performed as a member of the family and not as an employee.

■ 42 U.S.C.A. § 405(g) provides that the findings of the Secretary when supported by substantial evidence shall be conclusive. Credibility determinations rest with the Secretary and the finality of his findings also extends to reasonable inferences which may be drawn from the evidence. Nichols v. Gardner, 8 Cir., 361 F.2d 963 (June 9, 1966); Cody v. Ribicoff, 8 Cir., 289 F.2d 394, 395, 88 A.L.R.2d 970; Sabbagha v. Celebrezze, 4 Cir., 345 F.2d 509, 510; Domanski v. Celebrezze, 6 Cir., 323 F.2d 882, 885.

■ We see little purpose in going over the extensive evidence which has been repeatedly explored and fairly stated in the administrative proceedings shown in the record. A careful review of all of the evidence leads us to the conclusion arrived at by the trial court, to wit, that the Secretary's findings are supported by substantial evidence. We affirm.

The services were performed in the family home in which claimant had an interest and which she considered her home. Generally she spent her vacation, days off and weekends there. A younger sister, Edith, had immediately previously performed similar services without compensation for a number of years and had become exhausted. Other sisters had

from time to time provided services without compensation for shorter periods. Claimant, prior to commencing the services on which her employment claim is based, learned from the local Social Security office that she could qualify for benefits by six quarters of covered employment. Arrangements were made whereby her brother Arnold, who was acting as head of the family, made payments to her approximating $300 per month for six quarters, in the 1951–53 period, the exact time and amount of such payments being rather indefinite. Immediately after sufficient payments were made to cover the required six quarters, payments ceased and claimant continued to live at the family home and provide equal or greater nursing and household services for her mother until her mother's death in 1958. Thereafter she continued to live at the family home until her death in 1965. She received her board and room, plus modest allowances for purchasing clothing and similar necessities.

The claimant had acquired some interest by inheritance in the family farm upon which the family home was situated. The record does not disclose the precise nature of such interest. Under a rather loose family arrangement, claimant's brother Arnold and another brother apparently used the farm and kept the profits therefrom without any express rental arrangement. Arnold however apparently recognized some obligation to afford a home and support for his mother and for brothers and sisters who had not established a home of their own.

■ The fact that a motive of the claimant was to obtain Social Security benefits would not, standing alone, be fatal to her establishing a claim of employment. The crucial issue is whether under the circumstances presented by the record a bona fide employer-employee relationship existed. See Cody v. Ribicoff, 8 Cir., 289 F.2d 394, 400; Sabbagha v. Celebrezze, 4 Cir., 345 F.2d 509, 511.

■ The evidence as to the extent and nature of the alleged employment contract is very indefinite. The reasons for payment to claimant during the coverage period with the payments stopping immediately thereafter are not satisfactorily explained. The fact-finder of course is not compelled to believe the testimony of an interested witness, even if it is not squarely contradicted.

Other courts in cases of family situations quite similar to that here presented have upheld the Secretary's determination that there has been no bona fide employment established. Palmer v. Celebrezze, 3 Cir., 334 F.2d 306; Barron v. Ribicoff, 4 Cir., 295 F.2d 432; Folsom v. O'Neal, 10 Cir., 250 F.2d 946.

Claimant has failed to establish that the Secretary's findings are clearly erroneous.

■ After the trial court had affirmed the Secretary's finding that the claimant was not an employee, she filed a motion requesting the court to determine that she was eligible for benefits as a self-employed person. The court denied the motion upon the basis claimant had also failed to establish that she qualified in such capacity. We are inclined to agree with the Government's contention that the self-employment issue could not properly be raised at that stage of the proceeding. The statutory pattern is for the review of the Secretary's action. The self-employment issue was not raised before the Secretary and hence, he had no opportunity to pass upon such issue.

The transaction involved in the self-employment claim is identical to that asserted in the employment claim. We believe that the finding that the work was done in fulfillment of a family obligation rather than for money-making purposes would equally apply to the self-employment claim and that no purpose would be served in remanding to the Secretary for a finding upon the self-employment issue.

The judgment is affirmed.