General G. **TAYLOR**, Plaintiff,

v.

John W. **GARDNER**, Secretary of Health, Education and Welfare, United States Department of Welfare, Defendant.

Civ. A. No. 67–C–86–A.

United States District Court
W. D. Virginia,
Abingdon Division.

April 24, 1968.

Harry P. Rowlett, Jonesville, Va., for plaintiff.

James P. Brice, Asst. U. S. Atty., Western Dist. of Virginia, Roanoke, Va., for defendant.

DALTON, Chief Judge.

From an adverse decision of the Secretary of Health Education and Welfare rendered July 17, 1967, plaintiff has appealed to this court. This final decision on July 17, 1967 was a denial of plaintiff's request for review of a decision rendered by a hearing examiner on May 19, 1967.

The plaintiff filed an application for disability insurance benefits on August 22, 1961, and said application was denied because plaintiff did not meet the insured status requirements. Following this denial, plaintiff started to file self-employment tax returns as a farmer. As a result of the quarters of coverage earned as a self-employed farmer, plaintiff met the insured status requirements for disability for the first time on April 1, 1965. On August 29, 1966 plaintiff filed an application for disability benefits alleging that he has been unable to work since April 28, 1965.

In his application plaintiff alleged he was unable to work due to "lung condition, stomach ulcer, arthritis". Upon consideration of all the evidence, the Secretary concluded that plaintiff had failed to meet his burden of proof in establishing disability, i. e.

> * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months. Sections 216(i) and 223 of the Social Security Act, 42 U.S.C.A. 416(i) and 423.

The only issue before this court is whether the aforementioned final decision of the Secretary is supported by substantial evidence. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966).

The medical evidence before the Secretary consisted of reports from three general practitioners. Dr. H. K. Buttermore examined the plaintiff in 1961 and diagnosed arthritis myositis, pneumoco-

niosis and gastritis. Dr. J. B. Johnson examined the plaintiff once in 1965, and three times in 1966. Dr. Johnson conducted tests and X rayed the plaintiff, and the ultimate diagnosis was an essentially normal stomach, lungs, intestinal tract, digestive system and slight osteoarthritis of the upper spine. Dr. H. A. Kinser examined the plaintiff in January 1967 and diagnosed minimal pulmonary fibrosis with an otherwise essentially normal chest, arthritis by history only; negative X-rays and negative physical findings. Dr. Kinser reported that plaintiff had a good range of motion in all joints and there were no contractures or limitation of motion.

 Upon presentation of the medical evidence the hearing examiner concluded that the plaintiff may be suffering from slight osteoarthritis of the upper spine. However, "it is established that the mere presence of a disease or medically determinable impairment does not automatically entitle a claimant to a disability period or disability insurance benefits under the Social Security Act. Instead, the impairment must cause 'inability to engage in any substantial gainful activity.'" Gotshaw v. Ribicoff, 307 F.2d 840 (4th Cir. 1962). At his hearing plaintiff contended that he has been unable to engage in substantial gainful activity since 1959. But in plaintiff's self-employment returns, he stated that he owned and operated a farm, doing all the work himself until 1965. "Credibility determinations rest with the Secretary and the finality of his findings also extends to reasonable inferences which may be drawn from the evidence." Foss v. Gardner, 363 F.2d 25 (8th Cir. 1966).

In view of the contradicting statements by plaintiff, and the report from Dr. Kinser that plaintiff has a good range of mobility in all joints, the Secretary concluded that plaintiff is fit to return to his work as a self-employed farmer. This court finds that there is substantial support for the Secretary's finding that plaintiff failed to carry his burden in establishing disability.

Accordingly, it is adjudged and ordered that the decision of the Secretary of Health, Education and Welfare be, and the same is hereby affirmed.

The clerk will certify copies of this opinion and judgment to counsel of record.