**John R. McCORMICK, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare and the United States of America, Defendants.**

Civ. No. 70–9.

United States District Court, W. D. Oklahoma.

Nov. 3, 1970.

Lynnie Clayton Spahn, Oklahoma City, Okl., for plaintiff.

William R. Burkett, U. S. Atty., W. D. Okl., Givens L. Adams, Asst. U. S. Atty., Oklahoma City, Okl., for defendants.

### MEMORANDUM OPINION AND ORDER

DAUGHERTY, District Judge.

Plaintiff seeks review, pursuant to 42 U.S.C.A. § 405(g), of the Defendants' denial of Retirement Insurance Benefits which he claims are due him according to the provisions of 42 U.S.C.A. § 402(a) and § 414(a). The issue of this case is whether there was contemplated and actual material participation by Plaintiff in the production or management of production of agricultural commodities from a farm owned by him and operated by another within the meaning of 42 U.S.C.A. § 411(a) (1). Both parties have moved for summary judgment with supporting briefs.

42 U.S.C.A. § 411(a) (1) provides that for purposes of computing net earnings from self employment as defined in 42 U.S.C.A. § 413(a) (2) (iii), rentals from real estate are excluded unless such income is derived from an arrangement between the owner and the tenant of land pursuant to which there is contemplated and actual material participation by the owner in the production or management of production of agricultural commodities. Regulations pertaining to this provision of the statute are to the same effect. They exclude sharecropping income, 20 C.F.R. § 404.1053(a), unless there is a material participation of the owner in production or management of production, 20 C.F.R. § 404.1053 (c). 20 C.F.R. § 404.1053(c) (2) requires that the arrangement between the owner and tenant contemplate material participation in production by the owner and 20 C.F.R. § 404.1053(c) (3) deals with the meaning of the words "participation", "production", and "management of production." It appears that the materiality of participation is to be measured against the total participation required of the parties by their arrangement. 20 C.F.R. § 404.1053(c) (3) (i). In defining production, the Regulation contemplates that some physical work be involved. Merely furnishing machinery and incurring expenses is not a material participation, unless it is connected with physical work to be performed only periodically. 20 C.F.R. § 404.1053(c) (3) (ii). Management of production appears to require periodicity of the management activity. It is stated that merely selecting the crops to be grown or the machinery to be used is not sufficient. 20 C.F.R. § 404.1053(c) (3) (iii). Actual participation is required by 20 C.F.R. § 404.1053(c) (4) and this Regulation also defines what evidence the examiner may consider as strong evidence and what evidence he may consider as conclusive of actual material participation.

The hearing examiner concluded that Plaintiff had failed to present any convincing evidence of contemplated or actual material participation in production or management of production of agricultural commodities from the farm in question. Careful consideration of the statutory rules and regulations thereunder discussed above leads the Court to conclude that Plaintiff must show that he has presented substantial evidence to the hearing examiner tending to establish: (1) an agreement or arrangement between himself as owner and another as tenant respecting the cultivation of land, (2) that the agreement or arrangement contemplate material participation of the owner in carrying out the agreement, and, (3) actual participation of the owner in (a) production under the agreement, consisting of either contribution of substantial physical work by the owner or contribution of substantial amounts of operational expenses or machinery coupled with periodic contribution of physical work, though the work is not material with respect to the total operation, or, (b) management of production under the agreement, consisting of periodic consultation with and advice of the tenant with respect to the operative processes of producing the crops contemplated by their agreement and periodic inspections of the operative processes of production.

1. *Existence of arrangement.* Plaintiff testified that he had two farms, one of forty acres and one of one hundred sixty acres, for which he had the same arrangement with different people. Only the larger farm is in controversy. He stated he provided the land, necessary farm buildings, and clover seed, which apparently was used on fallow ground. The tenant provided the labor, machinery and crop seed. Plaintiff and his tenant shared the income from the crops marketed, from government allotments and they shared the expenditures for fertilizer and weed killer. However, Plaintiff bore the total cost of applying the fertilizer and weed killer. Plaintiff paid all the real property taxes. Their arrangement is oral and has continued from year to year. The Court concludes that there was before the examiner substantial evidence of an arrangement respecting the cultivation of land.

2. *Arrangement contemplates material participation.* There is no evidence that under the agreement Plaintiff was to contribute any physical work in connection with the production of the crops contemplated by the agreement. To the contrary, Plaintiff testified that he did not propose to do any of the labor, but only to inspect and oversee the operation, reserving the right to make decisions but giving the tenant more latitude on important matters in which he knew he was qualified. The Court concludes that there was before the examiner substantial evidence that the arrangement contemplated participation by the Plaintiff in the management of the farm, but whether this participation was limited to the incidents of ownership or included the operational phases of production is not entirely clear. It may be inferred from Plaintiff's testimony that the arrangement with the tenant contemplated participation in all phases of the operation of the farm, both those relating to ownership and operation. The examiner concluded otherwise, and it is not within the power of this Court to disturb that conclusion, being an inference based on evidence before the examiner. Dvorak v. Celebrezze, 345 F.2d 894 (Tenth Cir. 1965).

3. *Actual participation.* There is no evidence of actual participation in production by way of contribution of physical work, either material, or if not material, at least periodic. Therefore, inquiry under this heading is limited to evidence of actual participation in management of production. Plaintiff testified that his decision to market or store the harvested crops related only to his share of the crop under his agreement with the tenant. Plaintiff testified that he and the tenant planned the coming year's operation in the fall of each year. In one instance, the decision concerning fall plowing of the land seems to have

been mutual, although Plaintiff also said he had reserved the right to make the final decision. Plaintiff stated he made all decisions relating to major repairs or constructions, clearing land, and matters of a similar nature. Plaintiff also stated that he always made a point of visiting the farms twice a year for inspection and planning. The examiner concluded from this evidence that there was no actual material participation of Plaintiff in management of production. 20 C.F.R. § 404.1053(c) (4) provides for two grades of evidence on this point. Where the owner shows periodic planning and inspection of the production processes, he will have presented "strong evidence" of the existence of material participation. Where the owner in addition shows that he furnishes a substantial part of the machinery and implements used in production of the commodities or shares a substantial portion of the operating expenses involved in production, he will have conclusively established material participation. Plaintiff's evidence is of the first grade, for although he paid all the real estate taxes on the land, these taxes would have to be paid whether or not there was activity of any kind. Such expense is an incident of ownership of the land and not of the production process. Likewise, Plaintiff did not buy any of the crop seed, nor provide any of the cultivating machinery, pay for any operating expenses, such as salaries, gasoline, food, etc. These were paid by the tenant. What Plaintiff did pay for went to the maintenance and betterment of the land, such as fertilizer, weed killer, grading of a drainage ditch, clearing land and construction of buildings. The most that can be said of Plaintiff's evidence is that he has presented some evidence of periodic planning and inspection. While such evidence is by regulation "strong evidence", the examiner is not required to believe it and did not believe it. Foss v. Gardner, 363 F.2d 25 (Eighth Cir. 1966). The only evidence presented to the examiner on this point was Plaintiff's own testimony. Under such circumstances, this Court may not interfere with the examiner's determination of Plaintiff's credibility. Haley v. Celebrezze, 351 F.2d 516 (Tenth Cir. 1965).

It follows that Plaintiff failed to establish before the examiner that his arrangement for sharecropping contemplated a material participation on his part in the management of production, or that he materially participated in the management of production of agricultural commodities. The Court concludes that the examiner correctly applied the pertinent legal principles to the evidence before him and that his conclusions according to such principles are based on substantial evidence. Defendant's Motion for Summary Judgment should be granted, Plaintiff's Motion for Summary Judgment should be denied. The decision of the Appeals Council should be affirmed. Counsel for Defendant is directed to prepare and submit to the Court an appropriate Judgment in conformity with the above within fifteen (15) days from the date hereof.