Alvis B. PARKER

v.

Elliott L. RICHARDSON, Secretary of
Health, Education and Welfare.

Civ. A. No. 16488.

United States District Court,
W. D. Louisiana,
Alexandria Division.

Sept. 22, 1972.

Leslie L. LaCroix, Jr., Monroe, La.,
for plaintiff.

Donald E. Walter, U. S. Atty., Leven
H. Harris, Asst. U. S. Atty., Shreveport,
La., for defendant.

NAUMAN S. SCOTT, District Judge:

Plaintiff seeks review under Section
205(g) of the Social Security Act, 42 U.
S.C. § 405(g), of a final decision of the
Secretary of Health, Education and Wel-
fare denying his application for disabili-
ty insurance benefits filed on August 7,
1969.

The plaintiff filed previous ap-
plications for benefits on August 16,
1962; November 26, 1963, and March 9,
1967. These applications were denied at
various stages of the procedural process.
It is clear that the issues litigated there-
in are res judicata and cannot be pur-
sued in this matter. Easley v. Finch,
431 F.2d 1351 (4th Cir. 1971); Domozik
v. Cohen, 413 F.2d 5 (3rd Cir. 1969).

Plaintiff seeks to reopen his
earnings record under 42 U.S.C. §
405(c)(5)(H) to include therein work
that he allegedly did for his son in the
year 1965 for which he received the sum

of $1200.00. At present, his earnings record does not reflect the necessary 20 quarters of coverage within the 40 quarter period as required by 42 U.S.C. §§ 413(a), 416(i) and 423(c). The testimony of the plaintiff and his wife in the administrative hearing held in this matter on August 17, 1970 was to the effect that he worked for his son throughout the year 1965 and was paid $100 per month. The son's statement corroborates this testimony as do five other statements placed in the record by the plaintiff.

In Sabbagha v. Celebrezze, 345 F.2d 509 (4th Cir. 1969), the Court quotes at page 512 from Thurston v. Hobby, 133 F.Supp. 205 at page 210 (W.D.Mo. 1955):

"[U]ncontradicted testimony need not be accepted by a trier of fact as true, where there is something in the evidence or in the tale, itself, which furnishes a basis for discrediting it because of its inherent improbabilities."

In Foss v. Gardner, 363 F.2d 25 (8th Cir. 1966) at page 27 the Court stated:

"The fact-finder of course is not compelled to believe the testimony of an interested witness even if not squarely contradicted."

On July 18, 1968, during an administrative hearing on his previous application the plaintiff stated, "Since '63 I haven't worked any". (Tr. 139.) Plaintiff's wife also testified at that hearing, in which she stated, "No sir, only at the cafe. About two months at the cafe", in response to the question "Has your husband performed any work since 1963?" She was also asked, "Is there anything else you would like to tell me that would help me make an informed decision in this case?" In response to this question, she mentioned no such work activity by the plaintiff. (Tr. 149–150.)

 Determinations of credibility of witnesses and the weight to be given the evidence are for the trier of facts and not for the Courts on review. Stillwell v. Cohen, 411 F.2d 574 (5th Cir. 1969); Celebrezze v. Žimmerman, 339 F.2d 496 (5th Cir. 1964).

Summary judgment is granted in favor of the defendant.