George E. **WEDLOW**, Plaintiff,

v.

Caspar W. **WEINBERGER**, Secretary of Health, Education and Welfare of the United States of America, Defendant.

No. 74–327–C.

United States District Court, E. D. Oklahoma, Civil Division.

Sept. 9, 1975.

Clyde Stipe, McAlester, Okl., for plaintiff.

Ed Gage, Asst. U. S. Atty., Muskogee, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final administrative decision of the Secretary of Health, Education and Welfare denying his application for "Black Lung" disability benefits. Plaintiff's application was made pursuant to Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended 30 U.S.C. § 901 et seq., 30 U.S.C. § 922 incorporates 42 U.S.C. § 405(g).

Title IV is broken down into two subdivisions. Part B, which is involved herein, deals with claims for benefits filed on or before December 31, 1973. 30 U.S.C. § 924(a)[1]. The purpose of Title IV is to provide benefits to coal miners who are totally disabled due to pneumoconiosis and to the surviving dependents of miners whose death was due to such disease or who were totally disabled by this disease at the time of their death. 30 U.S.C. § 901. The term "pneumoconiosis" is defined as a chronic dust disease of the lung arising out of employment in the Nation's coal mines. 30 U.S.C. § 902(b). The term miner means any individual who was or is employed in the Nation's coal mines. 30 U.S.C. § 902(d). The term "total disability" has the meaning given to it by the Secretary's regulations, except that a miner shall be considered to be totally disabled when pneumoconiosis prevents him from engaging in gainful employment requiring the skills and abilities comparable to those of any employment in a mine in which he previously engaged with some regularity and over a substantial period of time. Also the Secretary's regulations are not to be more restrictive than those applicable under 42 U.S.C. § 423. 30 U.S.C. § 902(f).

30 U.S.C. § 921(a) requires the Secretary to make payments of benefits for miners totally disabled by pneumoconiosis. 30 U.S.C. § 921(b) requires the Secretary to promulgate regulations prescribing standards for determining whether an individual is totally disabled due to pneumoconiosis. 30 U.S.C. § 921 (c) sets out certain presumptions with respect to the determination of totally disabling pneumoconiosis. These presumptions are repeated in the Secretary's regulations (20 C.F.R. § 410.414(b), 410.416(a) and 410.418).

The Secretary's regulations promulgated in compliance with Title B are found in 20 C.F.R. § 410.401 et seq. These regulations insofar as they are relevant to this case are described below. Basically there are two sets of standards by which Plaintiff is entitled to establish a disability. There are permanent standards found in 20 C.F.R. § 410.412 to § 410.430 and a set of alternative interim standards found in 20 C.F.R. § 410.490.

## PERMANENT STANDARDS

20 C.F.R. § 410.401(b)–(1) defines pneumoconiosis as:

"A chronic dust disease of the lung arising out of employment in the Nation's coal mines, and includes coal workers' pneumoconiosis, anthracosilicosis, anthracosis, anthrosilicosis, massive pulmonary fibrosis, progressive massive fibrosis, silicosis, or

[1] Part B is administered by the Secretary of Health, Education and Welfare. Part C which deals with claims filed after December 31, 1973 is administered by the Secretary of Labor. See 30 U.S.C. § 902(d).

silicotuberculosis, arising out of such employment. . . ."

Under 20 C.F.R. § 410.401(b)–(2) pneumoconiosis is also defined as:

"Any other chronic respiratory or pulmonary impairment when the conditions are met for the application of the presumption described in § 410.-414(b) . . ."

20 C.F.R. § 410.410(b) which allocates the burden of proof under Title IV reads as follows:

"To establish entitlement to benefits on the basis of a coal miner's total disability due to pneumoconiosis, a claimant must submit the evidence necessary to establish: (1) That he is a coal miner, that he is totally disabled due to pneumoconiosis, and that his pneumoconiosis arose out of employment in the Nation's coal mines; . . ."

20 C.F.R. § 410.412(a) reads as follows:

"A miner shall be considered totally disabled due to pneumonoconiosis if:

(1) His pneumoconiosis prevents him from engaging in gainful work in the immediate area of his residence requiring the skills and abilities comparable to those of any work in a mine or mines in which he previously engaged in some regularity and over a substantial period of time (that is, 'comparable and gainful work'; see §§ 410.424–410.426); and

(2) His impairment can be expected to result in death, or has lasted or can be expected to last for a continuous period of not less than 12 months."

Under 20 C.F.R. § 410.414(a) a finding of pneumoconiosis may be made under the provisions of 20 C.F.R. § 410.428 by means of (1) a chest roentgenogram (X-ray) or (2) biopsy, or (3) autopsy. 20 C.F.R. § 410.428 delineates medical standards for the determination of pneumoconiosis. 20 C.F.R. § 410.414(b) provides that in the absence of a determination of pneumoconiosis as provided in paragraph (a) of 20 C.F.R. § 410.414, if other evidence demonstrates the exist-

ence of a totally disabling chronic respiratory or pulmonary impairment, it may be presumed in the absence of evidence to the contrary, that a miner is totally disabled due to pneumoconiosis. This presumption applies to miners who have worked in the Nation's coal mines for 15 or more years. However, a showing of 10 years of work and a severe lung impairment may be considered as sufficient to establish disability. 20 C.F.R. § 410.414(b). Under 20 C.F.R. § 410.414(C) a finding of pneumoconiosis may be based on other relevant evidence.

20 C.F.R. § 410.416 deals with causation requirements. If a miner with ten or more years of coal mining experience is shown to be suffering from pneumoconiosis it will be presumed that the condition arose out of employment in the coal mines. A miner with less than ten years of experience must show a causal connection between his condition and his employment.

Under 20 C.F.R. § 410.416 there is an irrebutable presumption of total disability due to pneumoconiosis where (a) a chest x-ray yields one or more large opacities which meet certain medical specifications; (b) a biopsy or autopsy yields massive lesions in the lung; or (c) other diagnosis yields a condition which could reasonably be expected to yield the conditions described in (a) or (b) had the diagnosis been made as is therein prescribed.

If the above stated presumptions of total disability due to pneumoconiosis do not apply, a miner with pneumoconiosis may establish disability under 20 C.F.R. § 410.422. Under this section disability is determined from all the facts of the case with primary consideration given to the medical severity of the condition. 20 C.F.R. § 410.424 provides that medical considerations alone shall justify the finding of a total disability where a claimant's impairment is one which meets the duration requirements of 20 C.F.R. § 418.412(a)(2) and is listed in the appendix of the regula-

tions. The appendix lists a number of medical specifications. However, the presumption of total disability raised by a claimant's satisfaction of one of these medical specifications may be rebutted by other evidence. An impairment which is medically equivalent to one of the listed impairments may also be taken to establish total disability under this section.

Under 20 C.F.R. § 410.426(a) pnuemoconiosis which constitutes neither an impairment which is listed in the appendix to the regulations nor the medical equivalent thereof may nevertheless be found to be totally disabling if because of it a miner is not only unable to do his previous coal mine work, but also cannot, considering his age, education, and work experience engage in any other kind of comparable and gainful work available to him in the immediate area of his residence. Under 20 C.F.R. § 410.426(b), if a miner has satisfied the requirements of § 410.426(a) he may establish totally disabling pneumoconiosis on the basis of a ventilatory study. A table of minimum values which must be met in such a study is listed. Under 20 C.F.R. § 410.426(c) a claimant who has not met the values listed in (b) may establish total disability on the basis of a physical performance test establishing a chronic respiratory or pulmonary impairment which is medically the equivalent of the values established in (b). Under 20 C.F.R. § 410.426(d) where the tests listed in the other sections of 426 are medically inadvisable or cannot be obtained, or the other tests do not establish disability, a miner may nevertheless establish a total disability through other relevant evidence.

### INTERIM STANDARDS

Plaintiff is also entitled to establish his claim under 20 C.F.R. § 410.490 which sets out the aforementioned interim standards. Under this section there are two standards for establishing a presumption of totally disabling pneumoconiosis. A miner can either establish the existence of the disease under the standards set out in 20 C.F.R. § 410.428 or he can establish the disease by means of a ventilatory study if he meets certain prescribed standards. The presumption raised under this section is rebuttable.

 30 U.S.C. § 923 incorporates 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g) the Secretary's decision must be affirmed if it is supported by substantial evidence. Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). In conducting a review under 42 U.S.C. § 405(g) this Court is required to examine the facts contained in the administrative record, evaluate the conflicts, and make a determination therefrom whether the facts support the several elements which make up the ultimate administrative decision. *Nickol v. United States*, 501 F.2d 1389 (Tenth Cir. 1974); *Heber Valley Milk Company v. Butz*, 503 F.2d 96 (Tenth Cir. 1974).

### ADMINISTRATIVE PROCEEDINGS

Plaintiff filed an application for benefits under the Federal Coal Mine Health and Safety Act of 1969 on February 2, 1971 (Tr. 28–31). The claim was denied initially on June 29, 1971 (Tr. 33–34). The application was reviewed under the 1972 amendments to the Act and was again denied (Tr. 36–38). On November 15, 1973 Plaintiff filed a request for a hearing (Tr. 10), which was held on April 22, 1974 (Tr. 12–27). The administrative law judge considered the case de novo and determined that Plaintiff was not entitled to benefits under the Act (Tr. 4–7). The administrative law judge's decision became the final decision of the Secretary of Health, Education and Welfare on August 23, 1974 when the Appeals Council approved his decision (Tr. 2).

## ADMINISTRATIVE DECISION

The elements which make up the ultimate administrative decision herein are basically two of the "Findings" of the administrative law judge. These "Findings" are as follows:

> "Mr. Wedlow has less than ten years of coal mining employment.
>
> The preponderance of medical and other evidence does not demonstrate the presence of a totally disabling pneumoconiosis or a totally disabling chronic respiratory or pulmonary disease presumed to be pneumoconiosis."

## EMPLOYMENT

The first point which should be reviewed herein is the Secretary's determination that Plaintiff has less than ten years of coal mining employment. This is basic as different presumptions arise under the regulations depending upon a claimant's duration of employment in coal mines.

The evidence in the record shows that the Plaintiff has nine years of coal mining experience. (Tr. 39–47, 53). At his hearing Plaintiff testified that he began working in a coal mine operated by the McAlester Fuel Company in 1943; that he worked at this mine until it closed; that after it closed another company opened it a year or a year and a half later; that he began work for the new company (Lone Star) in 1944 or 1945; and that he worked for the new company until 1955. (Tr. 17, 18). Notwithstanding this testimony, employment records show that Plaintiff had other than coal mining employment in 1944, 1946, 1952, and 1955 (Tr. 42–47).

■ Plaintiff argues that his testimony that he was employed in coal mining in the last quarter of 1945 through the first three quarters of 1947 being uncontradicted by evidence introduced by Defendant must be taken as true. If this evidence is taken as true Plaintiff must be regarded as having more than ten years of coal mining experience and the ten years presumptions will ap-

ply. However, Plaintiff's argument is patently without merit. Under 42 U.S.C. § 405(g) the Secretary's findings of fact must be accepted if supported by substantial evidence. "The fact-finder of course is not compelled to believe the testimony of an interested witness even if not squarely contradicted." *Parker v. Richardson*, 348 F.Supp. 201 (W.D.La. 1972) quoting *Foss v. Gardner*, 363 F.2d 25 (Eighth Cir. 1966).

Plaintiff is an interested party and the administrative law judge is not required to believe his testimony. Moreover, Plaintiff's testimony regarding his employment in coal mining between 1944 and 1955 was impeached by the work records showing other employment during the period. Thus, doubt is cast on the veracity of Plaintiff's testimony as to his employment during the last quarter of 1945 through the first three quarters of 1947.

■ The Defendant's determination that Plaintiff has less than ten years coal mining experience is supported by substantial evidence and the ten year presumptions were properly not applied herein.

## MEDICAL EVIDENCE

The record shows that Plaintiff was examined by John D. Fowler, M.D. on September 11, 1971. The reason for this examination was pain in the chest. Dr. Fowler's impressions resulting from this examination were "(c) aricinoma, metastatic, probably brochogenic in origin," (Tr. 54–54).

A pulmonary function study was performed by Dr. Hurley Lee Motley on June 15, 1971. This examination showed Plaintiff to be 69½ inches in height; vital capacity was 3,801, 86% of perdicted; $FEV_1$ was 1437, 40.6% of perdicted, MBB or MBC was 57.4 leters per minute, 42.1% of perdicted. Dr. Motley noted that the spirometeric and lung volume measurements would be consistent with the presence of a moderate to severe degree of pulmonary emphysema (Tr. 59–60).

On the same day, Gerald B. Iba, M.D. conducted a radiological examination. Lung fields were clear, no evidence of pneumoconiosis was noted. Category O was diagnosed (Tr. 61).

## VOCATIONAL DATA

The record shows that Plaintiff has a sixth grade education (Tr. 17). He has worked as an underground coal loader and greaser (Tr. 22); as a construction worker (Tr. 22), and as a mill hand (Tr. 22). He quit his last job in 1968 due to a back injury and has not worked since (Tr. 22).

## CONCLUSION

■ Under 20 C.F.R. § 410.410(b) Plaintiff has the burden of establishing that he is disabled due to pneumoconiosis. 20 C.F.R. § 410.414 provides standards for the determination of the existence of pneumoconiosis in an individual. Under 20 C.F.R. § 410.414(a) a living miner may establish the existence of pneumoconiosis by means of a chest roetgenoram (x-ray) or a biopsy in accordance with the provisions of 20 C.F.R. § 410.428. No biopsy is revealed by the evidence in the record. The only chest x-ray that has been made puts Plaintiff in Category O. 20 C.F.R. § 410.-428(a)–(1), (3) specifically excludes coverage for Category O.

20 C.F.R. § 410.414(b) generally deals with a presumption of the existence of pneumoconiosis in the case of miners employed in coal mining for a period of fifteen or more years. However, under 20 C.F.R. § 410.414(b)–(4) where the evidence shows a work history of many years of coal mine employment (although less than 15) as well as a severe lung impairment, such evidence may be considered, in the exercise of sound judgment, to establish entitlement. This regulation clearly involves discretion and judgment in its application. In light of

the medical evidence in the record which tends to show only a moderate lung impairment, and in light of the fact that Plaintiff has only nine years of coal mine experience, it cannot be said that Defendant abused his discretion or judgment with reference to this section.

■ Under 20 C.F.R. § 410.414(c) a finding of total disability due to pneumoconiosis may be made if other relevant evidence establishes the existence of a totally disabling chronic respiratory or pulmonary impairment and that such impairment arose out of employment in a coal mine. Here again, it is apparent that an element of discretion and judgment is involved. It cannot be said that in this case the Defendant abused his discretion in declining to apply this section. The evidence establishes a moderate to severe degree of pulmonary emphysema. However, it does not necessarily establish that the condition arose out of employment in coal mining or that the condition is disabling. The evidence shows that Plaintiff worked for many years after he quit mining. He quit working when he injured his back while working at a mill. Thus, there is a reasonable inference that Plaintiff is unable to work not because of pneumoconiosis but because of a back injury. See 20 C.F.R. § 410.412.

Finally, the interim adjudicatory rules stated in 20 C.F.R. § 410.490 do not apply herein as Plaintiff has less than ten years of mining employment.

■ In view of the foregoing, the Court finds and concludes that the Secretary's decision that the evidence does not establish that Plaintiff had pneumoconiosis or a totally disabling chronic respiratory or pulmonary disease is supported by substantial evidence and should therefore be affirmed. A judgment to this effect should be entered herein.