**Wanda WAGNER, by her next friend, Barbara Wagner, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

No. 76–896 C (2).

United States District Court, E. D. Missouri, E. D.

Aug. 18, 1977.

Mark M. Wenner, St. Louis, Mo., for plaintiff.

Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

REGAN, District Judge.

Wanda Wagner, a minor, commenced this action by her next friend Barbara Wagner, her mother, for child's insurance benefits under the Social Security Act. Both the plaintiff and the defendant, Joseph A. Califano, Jr.[1], have filed motions for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure.

On January 7, 1974 Barbara Wagner applied for surviving child's insurance benefits on behalf of Wanda Wagner, her minor daughter. She alleged that Johnnie Hodges, the deceased wage earner, was the natural father of Wanda. The application was denied after initial consideration and after reconsideration. On November 18, 1975 an evidentiary hearing was held before an administrative law judge. Plaintiff was represented by counsel and testimonial and documentary evidence was adduced. On January 21, 1976 the administrative law judge determined that Wanda Wagner was not the natural child of Johnnie Hodges and was not entitled to surviving child's insurance benefits. The Appeals Council of the Social Security Administration affirmed this decision on August 5, 1976.

It is, of course, the burden of the plaintiff to prove entitlement to social security benefits. *Timmerman v. Weinberger*, 510 F.2d 439 (8th Cir. 1975). In this action for judicial review the Court must determine whether the final decision of the Secretary denying benefits is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence, for the purpose of the Social Security Act, is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Richardson v. Perales*, 402 U. S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

The term "child", as it relates to this action, is defined as "the child or legally adopted child of an individual." 42 U.S.C. § 416(e)(1). In determining whether Wanda Wagner is the child of Johnnie Hodges for the purpose of determining her entitlement to benefits, the Social Security Act provides for the application of such local law "as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time . . . of his death . . . ." 42 U.S.C. § 416(h)(2)(A). The evidence clearly indicates that the deceased wage earner, Johnnie Lee Hodges, died on October 25, 1964 in the State of Missouri, the state of his domicile.

Since he and Wanda's mother, Barbara Wagner, did not marry, under Missouri law Wanda, being illegitimate, cannot inherit personal property from Johnnie Lee Hodges by intestate succession. §§ 474.010, 474.060, R.S.Mo.1969; *Hahn v. Hammerstein*, 272 Mo. 248, 198 S.W. 833 (1917). Since the evidence indicated that Barbara Wagner was married to Herman Wagner at the time of Wanda's conception, Missouri law *presumes* that Herman is Wanda's father. *E. g., In re L——*, 461 S.W.2d 529 (Mo.App. 1970). Nevertheless, under 42 U.S.C. § 416(h)(3) (1965), Wanda's entitlement to benefits may be established if Johnnie Lee Hodges "is shown by evidence satisfactory to the Secretary to have been the father of the applicant, and such insured individual was living with or contributing to the support of the applicant at the time such insured individual died."

At the hearing Barbara Wagner testified that she married Herman Wagner on July 4, 1953. By Herman Barbara had four children from 1955 through 1959. Barbara lived on and off with Herman from 1956 to

1. The Court judicially notices that Joseph A. Califano, Jr. has succeeded F. David Mathews to the office of Secretary of Health, Education, and Welfare and substitutes Califano for Mathews as the party defendant. *See* Fed.R.Civ. Pro. 25(d)(1).

1958. She testified that she and Herman lived at 2921 Rutger, St. Louis, Missouri, her parents' home. After she and Herman separated, she moved to 2920 Rutger and began living with Johnnie Hodges.

In 1960 Barbara gave birth to Jerome by Johnnie Hodges. Hodges acknowledged paternity of Jerome in writing. However, when Jerome was born the hospital authorities informed Barbara that Jerome's last name had to be Wagner, the name of the man to whom she was then married.

Wanda, was born on March 29, 1965. Her birth certificate recites the father as Herman Wagner and 2921 Rutger as the usual residence of the mother. Barbara testified that this address was erroneous, but was given by her since she moved frequently and could be reached through her parents. Barbara further testified that from May through August 1964[2] Johnnie Lee Hodges lived with her and contributed to her support. She further testified that she did not have sexual intercourse with anyone during this period, other than Johnnie Lee Hodges. Barbara never married Johnnie, but they lived together for several years before his death on October 25, 1964.

Admitted in evidence before the administrative law judge were statements given by Barbara Wagner to local welfare workers. On December 29, 1964 she told a welfare worker that Richard Alfred Thomas was the father of her expected child (Wanda). She told the worker that Thomas was living in East St. Louis, Illinois and that she last talked with him two weeks earlier. On April 7, 1965 Barbara named Richard Alfred Thomas as Wanda's father and stated that she had not seen him since December 1964.

At the hearing before the administrative law judge Barbara testified that she had become acquainted with Richard Thomas who was a friend of her brother. She further testified that she had not seen him for many years prior to Wanda's birth and that she did not know where he was. She stated that she informed the welfare workers that Thomas was Wanda's father because she feared losing welfare benefits for having more than one illegitimate child by the same man.

In 1967 Barbara applied for benefits on behalf of Jerome, as the surviving child of Johnnie Hodges. She did not make application at this time for Wanda. She testified before the administrative law judge that she did not apply for benefits for Wanda because she did not know that she could do so.

James Hoskins, Barbara's father, and Arizona Hoskins, Barbara's sister-in-law, testified before the administrative law judge that during the period June and July, 1964 Barbara cohabited with Johnnie Lee Hodges only.

The record considered by the administrative law judge included written statements by Katherine Hodges, Johnnie Hodges' mother, that prior to his death Johnnie told her that Barbara was carrying his unborn child. Similar written statements were offered by Johnnie's sister.

▮ It is the opinion of the Court that the record contains substantial evidence to support the decision of the Secretary denying benefits. This evidence includes the statements given by Barbara to welfare workers that Richard Alfred Thomas fathered Wanda. Although these statements were later contradicted before the administrative law judge, they may be considered. Also in the record is Barbara's failure to apply for benefits for Wanda, when she applied for Jerome's benefits.

▮ The record before the administrative law judge contains evidence which could support a determination of entitlement. The issue of credibility, however, was for the Secretary to determine. *Easttam v. Secretary of Health, Education, and Welfare*, 364 F.2d 509 (8th Cir. 1966). That determination was made by the Secretary against the plaintiff and is supported by the record. For this reason the Court will grant the motion of the defendant for summary judgment and deny the motion of the plaintiff for summary judgment.

---

2. Wanda apparently was conceived in June or July, 1964.