Johnnie F. FITZSIMMONS, Plaintiff,

v.

David MATHEWS, Secretary of Health, Education and Welfare, Defendant.

No. 76CV228–S.

United States District Court, W.D. Missouri, S.D.

June 2, 1980.

Arthur B. Cohn, Waynesville, Mo., for plaintiff.

Judith Strong, Asst. U. S. Atty., Kansas City, Mo., for defendant.

*MEMORANDUM OPINION AND ORDER*

COLLINSON, District Judge.

This is an action for judicial review of a final decision of the defendant Secretary of Health, Education and Welfare (the "Secretary") that plaintiff is not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (1974). Plaintiff filed a brief in support of his claim for benefits on August 29, 1979. The Secretary moved for summary judgment on September 18, 1979. Plaintiff filed suggestions in opposition to the Secretary's motion on September 24, 1979. For the reasons set forth below, the Secretary's motion for summary judgment is granted and the determination that plaintiff is not entitled to disability insurance benefits is affirmed.

From the record it appears that plaintiff is a 53-year-old man who worked for many years as a bus and truck driver. He ceased working in 1971, when he allegedly became disabled due to severe low back pain. He applied for disability insurance benefits in April 1972, alleging that he had been disabled by rheumatoid arthritis since March 1972. His application was approved and plaintiff received disability insurance benefits until the fall of 1972, when the Secretary determined that his condition had improved to the point that he was no longer disabled. He last received disability insurance benefits in November 1973. His request for reconsideration, filed in January 1974, was denied.

Plaintiff worked driving busses on a part-time basis from March 1973 until August 1975. In September 1975, he filed a second application for benefits, again claiming disability commencing in March 1972. His application was denied and plaintiff requested reconsideration. Upon reconsideration, the Secretary again denied plaintiff's claim. At plaintiff's request an administrative hearing on his claim was held in January 1976. Thereafter the administrative law judge recommended that plaintiff's claim be denied, and that determination was affirmed by the Appeals Council.

Plaintiff filed this action on June 10, 1976. The Secretary moved for summary judgment and plaintiff requested that the action be remanded for the consideration of additional medical evidence. On June 1, 1978, this Court entered an order remanding this action for further administrative proceedings. The Court specifically directed the Secretary to provide plaintiff a full opportunity to develop the objective medical record documenting his condition. The Secretary was also directed to give "special and affirmative consideration" to plaintiff's complaints of pain, for it is well settled that pain can be disabling within the meaning of the Social Security Act. *Northcutt v. Califano,* 581 F.2d 164 (8th Cir. 1978).

A supplemental hearing on plaintiff's claim was held before a second administrative law judge on March 9, 1979. A supplemental transcript was filed June 19, 1979, and in September 1979 the Secretary filed the pending motion for summary judgment.

Before passing on the merits of plaintiff's claim that he continues to be disabled, the Court first takes note of its role in reviewing decisions of the Secretary in cases of this nature. Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides, in part, that "(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." In this context, "substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Timmerman v. Weinberger*, 510 F.2d 429, 441 (8th Cir. 1975).

In determining whether the Secretary's findings are supported by substantial evidence, the Court must consider the whole record, including all evidence which fairly detracts from the findings of the Secretary. Where the evidence is conflicting, it is for the Secretary to resolve the conflicts. The Secretary's findings and the reasonable inferences drawn from them are conclusive if they are supported by substantial evidence. *Klug v. Weinberger*, 514 F.2d 423 (8th Cir. 1975).

In considering whether a claimant is disabled within the meaning of the Act, the following test is to be employed:

> The statutory definition of disability imposes the three-fold requirement (a) that there be a "medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration"; (b) that there be an "inability to engage in any substantial gainful activity"; and (c) that the inability be "by reason of" the impairment.

*Lund v. Weinberger*, 520 F.2d 782, 784 (8th Cir. 1975) (quoting from *Celebrezze v. Bolas*, 316 F.2d 498, 501 (8th Cir. 1963)); 42 U.S.C. § 423(d)(1)(A).

It is well established that the claimant has the burden of establishing his claim to disability benefits. He may do so by showing that he suffers an impairment which prevents him from engaging in his former work. *Lund v. Weinberger, supra*, at 785; *Brinker v. Weinberger*, 522 F.2d 13, 17 (8th Cir. 1975). The burden then shifts to the Secretary to prove that there is some other kind of substantial gainful activity that the claimant could perform. *Brinker v. Weinberger, supra*.

Pain can be disabling within the meaning of the Social Security Act. *Northcutt v. Califano, supra*. While subjective complaints of pain must be supported by medical evidence of physical or mental impairment, "direct medical evidence of the cause and effect relationship between a physical impairment and the claimant's subjective pain need not be produced." *Id.*

With these considerations in mind, the Court turns to an examination of the record in the case at bar. The medical evidence of record consists almost entirely of the documents received by the Secretary before this action was remanded for further proceedings. From a review of the transcript of the March 1979 hearing, it is clear that plaintiff was given every opportunity to develop further the medical record pertaining to his condition. Exhibits 60–62 reflect the administrative law judge's unsuccessful efforts to obtain additional medical data from Fort Leonard Wood Hospital and the Army Medical Records Center. Counsel for plaintiff offered into evidence an almost illegible record, dated August 1976, from the Fort Leonard Wood Hospital. (Exhibit 64.) He agreed with the administrative law judge that no further medical information was obtainable. (Transcript, at p. 199.)

From a review of the record, the Court finds that the Secretary fully discharged his responsibility to permit plaintiff to develop fully the medical record, as required by the Court's order of June 1, 1978.

It remains to be considered whether the Secretary's determination that plaintiff is not disabled is supported by substantial evidence on the record as a whole. The Court notes that plaintiff was last insured for disability benefits as of December 31, 1976. The question presented, therefore, is whether plaintiff established the existence of a disability commencing on or before December 31, 1976.

The administrative law judge first considered whether plaintiff established the existence of a disabling condition for the period prior to August 1975, when plaintiff stopped working altogether.[1] In making this determination, he relied upon regulations issued by the Secretary pursuant to 42 U.S.C. § 405(a). Section 404.1534(b), 20 C.F.R., provides, in pertinent part:

. . . we will use the following guidelines in paragraphs (b)(1), (2), and (3) of this section to determine whether a person's earnings show the ability to do substantial gainful activity.

(1) *Earnings that will ordinarily show that a person has done substantial gainful activity.* We will ordinarily consider that a person's earnings from work activity show that he or she has done substantial gainful activity if—

(i) Earnings averaged more than $200 a month in calendar years prior to 1976;

\* \* \* \* \* \*

and

(vi) There is no evidence that the person was unable to do substantial gainful activity under the rules in

§§ 404.1532 and 404.1533 and paragraph (a) of this section.

Plaintiff testified that he worked as a bus driver from March 1973 until August 23, 1975. Plaintiff's earnings records for the years 1973–75 reflect average monthly earnings of well over $200 from March 1973 through August 1975. (Exhibits 24, 59.) Finally, the plaintiff's work during that period meets the standards set forth in 20 C.F.R. §§ 404.1532, 404.1533, and 404.1534(a). This being so, the Secretary correctly determined that plaintiff was engaging in substantial gainful activity, and hence was not disabled, during the period March 1973-August 1975.

The administrative law judge then considered whether the evidence submitted by plaintiff established that he became disabled during the period from September 1975 through December 1976. In making this determination, the administrative law judge was directed by the Court to give "special and affirmative consideration" to plaintiff's complaints of pain. In this connection, he made the following findings:

\* \* \* \* \* \*

12. The claimant is of small stature at 5' 6" and 125 pounds.

13. The claimant has mild osteoarthritis of the lumbo sacral spine. The claimant may have a rheumatoid arthritic condition; however, it is in remission and will remain so as long as he follows his prescribed medical regimen.

---

1. With respect to the period from March 1972 (when plaintiff alleges that his disability commenced) to March 1973 (when plaintiff began work), the record reflects that plaintiff received disability insurance benefits during that time. He does not seek an order of the Court awarding him benefits for that period.

The administrative law judge recommended that the Secretary's determination that plaintiff's disability ceased in August 1973 be reopened and revised to show that plaintiff's disability ceased in March 1973, when he began to work. The Appeals Council agreed with the administrative law judge that plaintiff's entitlement to a period of disability insurance benefits ended with the close of May 1973, two months

after he began working. Therefore, plaintiff was not entitled to the benefits he received from May through October 1973.

It is not clear from the record whether the Secretary will attempt to recover from plaintiff the alleged overpayment. As the administrative law judge noted, the question of plaintiff's liability for the alleged overpayment is more properly an issue in an overpayment recovery proceeding brought pursuant to 42 U.S.C. § 404 and the applicable regulations. This is not such a proceeding, and the propriety of the Secretary's determination that plaintiff was overpaid is not presently before the Court for review.

14. The claimant may have some discomfort associated with this condition; however, his allegations of constant severe arthritic pain, swelling of the joints, etc. are considered not credible and are gross exaggerations of his condition.

15. The claimant may be an alcoholic; however, no restrictions are shown from this condition.

16. The claimant may have a small incisional hernia; however, there are no restrictions shown from condition.

17. The claimant's osteoarthritic, pain, [sic] and his small stature in combination would restrict the claimant only from work activity involving heavy lifting, extensive standing, and marked changes in temperature.

18. The claimant's usual work is a charter bus driver, did not involve any of the above restrictions (sic).

19. The claimant maintained the residual functional capacity to perform his usual work activity as a charter bus driver all times during the period commencing August 24, 1975, and ending December 31, 1976, when he was last insured for disability insurance purposes.

20. Even if the claimant had not retained the ability to perform his prior work activity the claimant maintained the ability to perform light and sedentary work activity as those terms are defined in section 404.1510 of Social Security Administration Regulation No. 4.

21. The claimant's previous work activity has been unskilled.

22. Regulation 404.1513 and Rules 201.-18 and 202.17 which are contained in Tables 1 and 2 of Appendix II, Subpart P, Regulation No. 4, direct that the claimant, considering his maximum sustained work ability, age, education, and work experience be found "not disabled."

23. The claimant was not under a "disability" as that term is defined in the Social Security Act, as amended, at any time between March 1973 and up to and through December 31, 1976.

Upon a review of the record, the Court holds that these findings are supported by substantial evidence and must therefore be taken as conclusive. 42 U.S.C. § 405(g).

The medical record is summarized in the Court's June 1, 1978 order, and will not be recapitulated here. Briefly, the medical evidence establishes that plaintiff suffers mild to moderate rheumatoid arthritis. He is being treated conservatively with aspirin and exercise. As long as he adheres to this prescribed treatment, his condition stays in remission, and he does not suffer acute attacks of pain. It appears that plaintiff should avoid heavy lifting, long periods of standing, and marked changes in temperature. Physical examination did not reveal any other significant physical limitations, and no physician regarded plaintiff as disabled. Clearly, the medical evidence alone is insufficient to establish that plaintiff is disabled.

At both administrative hearings, plaintiff testified at length about his pain. He stated that he suffers constantly from lower back pain, for which he takes an average of 10 aspirin per day. (Transcript, at p. 203, 218.) He said that his hands swell and stiffen, and that his feet are often so sore that he cannot walk. (Transcript, at p. 211, 214.) He testified that he cannot sit for more than 90 minutes, stand for more than 30 minutes, walk more than a quarter-mile in 20 minutes, or work for more than 15 minutes without having to lie down for an hour or more's rest. (Transcript, at p. 203, 224.) He conceded that no physician has advised him not to work and that, despite experiencing pain, he has worked as a driver because he needed the money. (Transcript, at p. 218.)

Also testifying on plaintiff's behalf in March 1979 were Charlene Hendricks, his former stepdaughter, and Barbara Hendricks, the wife of his former stepson. They each testified that plaintiff appeared to them to suffer pain in his joints most of

the time, and that his condition seemed to be worsening.

The administrative law judge concluded that plaintiff's complaints of pain and swelling in his joints are exaggerated and not credible. In support of this conclusion, he noted the absence of medical evidence corroborating plaintiff's reports of swelling in his joints. He also observed that plaintiff's lack of candor in reporting his work activity and level of earnings prior to August 1975 casts doubt on his credibility. Finally, he noted that although plaintiff advised the physicians who examined him that he suffered from pain, no physician felt that plaintiff was precluded from performing work not involving heavy lifting, extensive standing, or marked changes in temperature. On the contrary, on at least one occasion the examining physician expressed skepticism about plaintiff's complaints of severe pain. (Exhibit 42.)

With regard to the testimony of the Hendrickses, the administrative law judge noted that "much of their testimony involved what they had seen since December 31, 1976, and the remainder appeared to be based on their observations of the claimant which could easily be influenced by the claimant." (Recommended Decision, at p. 16.) Moreover, he felt that their credibility was diminished by their close relationship to plaintiff.

■ Because the medical evidence of record is insufficient to establish the existence of a disability within the meaning of the Social Security Act, plaintiff meets his burden of showing the existence of a disability only if his complaints of pain are believed. It is for the Secretary, not the Court, to assess the credibility of the witnesses. *Wagner v. Califano*, 434 F.Supp. 1222, (E.D. Mo.1977); *Foss v. Gardner*, 363 F.2d 25 (8th Cir. 1966). The administrative law judge disbelieved plaintiff's testimony as to acute pain, and found that he was not disabled from performing his former work. The Court finds that this determination is supported by substantial evidence on the record as a whole. Accordingly, the Secretary's determination that plaintiff is not entitled to disability insurance benefits is affirmed.

It is therefore

ORDERED that the Secretary's motion, filed September 18, 1979, for summary judgment be, and it hereby is, granted.