Johnnie F. FITZSIMMONS, Appellant,

v.

David MATHEWS, Secretary, Department of Health, Education and Welfare, Appellee.

No. 80–1631.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1981.

Decided May 8, 1981.

Arthur B. Cohn, Waynesville, Mo., for appellant.

Frances Reddis, Dept. of Health and Human Services, Kansas City, Mo., for appellee.

Before BRIGHT, HENLEY, and ARNOLD, Circuit Judges.

2. See n.1.

BRIGHT, Circuit Judge.

Johnnie F. Fitzsimmons appeals the district court decision affirming the denial of disability benefits under Title II of the Social Security Act, *as amended*, 42 U.S.C. § 401 *et seq.* (1976 & Supp. III 1979). Fitzsimmons worked for many years as a bus and truck driver. He ceased working in 1971 because of back pain and received disability benefits until the fall of 1973 when he was judged sufficiently recovered and no longer eligible for benefits. Fitzsimmons returned to work driving busses on a parttime basis in March 1973, but left in August 1975, because he allegedly suffered severe back pain.

In September 1975, Fitzsimmons filed an application for disability benefits, asserting a disability beginning in 1972. The Secretary denied the claim following a hearing before an administrative law judge. Fitzsimmons brought this action to reverse the Secretary's decision. The district court initially remanded the case for the administrative law judge to fully consider Fitzsimmons' complaints of pain and for Fitzsimmons to fully develop an additional medical record. At the supplemental hearing, Fitzsimmons presented no additional medical evidence, but he and two relatives testified about his pain. The Secretary again denied benefits. The district court affirmed that decision on the Secretary's motion for summary judgment. *Fitzsimmons v. Mathews*, 491 F.Supp. 423 (W.D.Mo.1980).[1]

From our independent review of the record, we agree with the district court that substantial evidence supports the Secretary's findings and, therefore, we affirm.

The district court made the following observations concerning Fitzsimmons' claim:

Briefly, the medical evidence establishes that plaintiff suffers mild to moderate rheumatoid arthritis. He is being treated conservatively with aspirin and exercise. As long as he adheres to this prescribed treatment, his condition stays in remission, and he does not suffer acute attacks of pain. It appears that plaintiff should avoid heavy lifting, long periods of standing, and marked changes in temperature. Physical examination did not reveal any other significant physical limitations, and no physician regarded plaintiff as disabled. Clearly, the medical evidence alone is insufficient to establish that plaintiff is disabled.

At both administrative hearings, plaintiff testified at length about his pain. He stated that he suffers constantly from lower back pain, for which he takes an average of 10 aspirin per day. (Transcript, at p. 203, 218.) He said that his hands swell and stiffen, and that his feet are often so sore that he cannot walk. (Transcript, at p. 211, 214.) He testified that he cannot sit for more than 90 minutes, stand for more than 30 minutes, walk more than a quarter-mile in 20 minutes, or work for more than 15 minutes without having to lie down for an hour or more's rest. (Transcript, at p. 203, 224.) He conceded that no physician has advised him not to work and that, despite experiencing pain, he has worked as a driver because he needed the money. (Transcript, at p. 218.)

Also testifying on plaintiff's behalf in March 1979 were Charlene Hendricks, his former stepdaughter, and Barbara Hendricks, the wife of his former stepson. They each testified that plaintiff appeared to them to suffer pain in his joints most of the time, and that his condition seemed to be worsening.

The administrative law judge concluded that plaintiff's complaints of pain and swelling in his joints are exaggerated and not credible. In support of this conclusion, he noted the absence of medical evidence corroborating plaintiff's reports of swelling in his joints. He also observed that plaintiff's lack of candor in reporting his work activity and level of earnings prior to August 1975 casts doubt on his credibility. Finally, he noted that

1. The Honorable William R. Collinson, United States District Judge for the Western District of Missouri.

although plaintiff advised the physicians who examined him that he suffered from pain, no physician felt that plaintiff was precluded from performing work not involving heavy lifting, extensive standing, or marked changes in temperature. On the contrary, on at least one occasion the examining physician expressed skepticism about plaintiff's complaints of severe pain. (Exhibit 42.)

With regard to the testimony of the Hendrickses, the administrative law judge noted that "much of their testimony involved what they had seen since December 31, 1976, and the remainder appeared to be based on their observations of the claimant which could easily be influenced by the claimant." (Recommended Decision, at p. 16.) Moreover, he felt that their credibility was diminished by their close relationship to plaintiff.

Because the medical evidence of record is insufficient to establish the existence of a disability within the meaning of the Social Security Act, plaintiff meets his burden of showing the existence of a disability only if his complaints of pain are believed. It is for the Secretary, not the Court, to assess the credibility of the witnesses. *Wagner v. Califano*, 434 F.Supp. 1222 (E.D.Mo.1977); *Foss v. Gardner*, 363 F.2d 25 (8th Cir. 1966). The administrative law judge disbelieved plaintiff's testimony as to acute pain, and found that he was not disabled from performing his former work. The Court finds that this determination is supported by substantial evidence on the record as a whole. [*Fitzsimmons v. Mathews, supra,* 491 F.Supp. at 427–28.]

We agree that the record taken as a whole supports the determination that appellant is not entitled to disability benefits under the Social Security Act. Accordingly, we affirm on the basis of the district court's opinion.